1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MAXILL INC., <br><br> Plaintiff, <br><br> vs. <br><br> LOOPS, LLC AND LOOPS FLEXBRUSH, LLC <br><br> Defendants | CASE NO.: 2:17-CV-01825 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT FOR DECLATORY JUDGMENT

Plaintiff Maxill Inc. for its Complaint against defendants Loops, LLC and Loops Flexbrush, LLC herein, alleges as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 1

## NATURE OF ACTION

1. Maxill Inc., seeks declaratory judgment of non-infringement and invalidity of U.S. Patent No. 8,448,285 entitled "Toothbrush and Methods of Making and Using Same" pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

2. Maxill Inc., seeks a declaratory judgement that Loops, LLC and Loops Flexbrush, LLC are collaterally estopped from asserting claims 1 through 20 of the U.S. Patent No. 8,448,285 as valid and/or infringed by Maxill Inc.

## THE PARTIES

3. Maxill Inc. (hereinafter, "Maxill Ohio"), is a U.S. corporation organized and existing under the laws of the State of Ohio, having its principal place of business at 181 North Mecca St. Cortland, Ohio 44410.

4. Upon information and belief, Loops, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with principal place of business at 7152 Everett Road, Ferndale, Washington 98248.

5. Upon information and belief, Loops Flexbrush, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with principal place of business at 7152 Everett Road, Ferndale, Whatcom County, Washington 98248.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

7. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's

jurisdiction seeking a declaratory judgment that the U.S. Patent No. 8,448,285 is not infringed and/or is invalid and/or unenforceable.

8. This Court has personal jurisdiction over Loops, LLC and Loops Flexbrush, LLC (hereinafter collectively, "Loops") based on, *inter alia*, Loops' systematic, purposeful, and continuous contacts in this district, including Loops' registration to do business in this district. On information and belief, Loops has engaged in the research, development, and sale of toothbrush products, which are sold throughout the United States and the State of Washington. On information and belief, Loops has purposefully availed itself of this forum by locating its principal place of business and commercializing toothbrush products in the State of Washington, including this judicial district, and deriving substantial revenues from such activities.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(d), and 1400(b).

**THE CONTROVERSY**

10. Maxill Ohio is involved in the business of supplying and distributing oral healthcare products, including Maxill Ohio's Supermaxx™ Institutional line of toothbrush (hereinafter "Supermaxx Product"), the subject matter of the controversy between the parties.

11. Loops is a manufacturer of oral healthcare products, including its flagship product, the Loops Flexbrush®, which it contends is covered by a suite of intellectual property assets, including U.S. Patent No. 8,448,285 (hereinafter, the "'285 patent"), the patent-in-suit.

12. On information and belief, Loops is the named assignee of the '285 Patent titled "Toothbrush and Methods of Making and Using Same," issued on May 28, 2013. A true copy of the '285 Patent is attached hereto as Exhibit 1.

13. On July 20, 2017, Loops sent a "Demand To Immediately Cease And Desist Further Acts Of Patent Infringement And To Preserve Related Evidence," letter (hereinafter, "Cease and Desist Letter") through its counsel, Lewis Kohn & Walker LLP to John Shaw, founder and president of Maxill Ohio via first-class mail at Maxill, Inc., 500 West Main St., Cortland, Ohio 44410 and via electronic mail at jshaw@maxill.com. According to the letter, Loops also mailed a copy of the letter to Maxill Ohio's parent company, Maxill Inc., a Canadian corporation, at 50 Elm St., St. Thomas, Ontario, Canada N54 6C8 (hereinafter, "Maxill Canada"). A true copy of the Cease and Desist Letter is attached hereto as Exhibit 2.

14. In the Cease and Desist letter, Loops alleges that "maxill is importing, manufacturing, marketing, advertising and/or selling flexible toothbrushes that infringe at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent." Exhibit 2 at 1.

15. In the Cease and Desist Letter, Loops also alleges, "[h]aving found a reasonable basis to assert both literal and willful infringement of multiple claims within the '285 Patent, we are confident that maxill's Supermaxx Product violates Loops' intellectual property rights thereby entitling Loops to treble damages and injunctive relief under the applicable law. See, e.g., 35 U.S.C. § § 283, 284." Exhibit 2 at 2.

16. In the Cease and Desist Letter, Loops also alleges, "Loops steadfastly protects those assets, and it will not permit its '285 Patent to be infringed, devalued or otherwise damaged by those entities which Loops does not control. While initiating a lawsuit seeking damages and injunctive relief would be warranted under the circumstances present here, Loops would prefer to resolve this matter without the need for distractions or delays that will surely come with litigation. We presume maxill shares that sentiment." *Id.* at 2.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

CHOI CAPITAL LAW, PLLC
520 Pike Street Suite 975
Seattle, WA 98101
Tel: (206) 588-0463

17. In the Cease and Desist Letter, Loops continues its threat of litigation asserting, "[o]n the outside chance that we must proceed with litigation, demand is hereby made that maxill, and those under its control, preserve all existing electronically stored information ("ESI") and hard copy documents that are potentially relevant to, or likely to lead to the discovery of admissible evidence, regarding the issues above-referenced including, but not limited to: maxill's communications about Loops, its flexible toothbrush and/or the '285 Patent; maxill's development, sourcing and/or sales of the Supermaxx Products; maxill's list of customers and potential customers who purchased or expressed interest in purchasing the Supermaxx Product as well as all related bids, quotes, sample orders/transmittals, purchase orders, invoices, and other communications; and maxill's communications with Bob Barker Company, Inc. and/or PX:Direct, if any, regarding the Supermaxx Product. Further, all hard copy documents and ESI relevant to these issues identified above that are created subsequent to the date of delivery of this letter must also be retained and preserved." *Id.* at 3. Loops further instructed Maxill Ohio, "[t]o comply with this demand, maxill is obligated to discontinue all routine document destruction, data destruction and backup tape rotation or recycling policies that could lead to the modification or destruction of relevant evidence." *Id.* The language used by Loops in the Cease and Desist Letter indicates Loops' intent to put a litigation hold on Maxill Ohio.

18. Loops' Cease and Desist Letter to Maxill Ohio is clear on Loops' intent to enforce the '285 patent against Maxill Ohio's Supermaxx Products.

19. Indeed, on the same day that Loops sent its Cease and Desist Letter to Maxill Ohio, July 20, 2017, Loops filed a complaint for patent infringement of the '285 patent against the Bob Barker Company, Inc. ("Bob Barker"), a North Carolina Corporation, in the United States District Court, District of Utah. *Loops, LLC and Loops Flexbrush, LLC vs. Bob Barker*

*Company, Inc.; Does 1-10, inclusive*, Case No. 1:17-cv-00123 (July 20, 2017).  A true copy of the complaint is attached hereto as Exhibit 3.

20. On or about August 6, 2017, John Shaw, founder and President of Maxill Ohio and Maxill Canada, sent an email to Loops' counsel in response to the Cease and Desist Letter asking Loops to not initiate a patent infringement action against Maxill Ohio.

21. On September 7, 2017 Loops amended its complaint against Bob Barker and added Maxill Canada as a party to the lawsuit.  *Loops, LLC and Loops Flexbrush, LLC vs. Bob Barker Company. Inc.; Maxill, Inc., and DOES 1-10 inclusive,* Case No. 1:17-cv-00123 (September 7, 2017*)*. A true copy of the amended complaint is attached hereto as Exhibit 4 at 2.

22. On September 20, 2017, Loops served the amended complaint to Maxill Canada's headquarter located at 80 Elm Street, St. Thomas, Ontario, N56 6C8, Canada.  A true copy of the affidavit of service is attached hereto as Exhibit 5.

23. Instead of answering Loops' amended complaint, on November 8, 2017, Maxill Canada filed a Motion to Dismiss the amended complaint under the Federal Rules of Civil Procedures 12(b)(2), 12(b)(3) and 12(b)(6) at the United States District Court for the District of Utah.  Briefing is ongoing and Loops has filed a Motion to Extend Deadline to respond to Maxill Canada's motion to dismiss.  See Dkt. Nos. 34, 42, 43 and 44.  *Loops, LLC and Loops Flexbrush, LLC vs. Bob Barker Company. Inc.; Maxill, Inc., and DOES 1-10 inclusive,* Case No. 1:17-cv-00123 (September 7, 2017).

24. Loops previously asserted a Canadian Patent No. 2,577,109 (hereinafter, the "'109 Patent") titled "Toothbrush and Methods of Making and Using Same" against Maxill Canada for infringement of the '109 Patent by Maxill Canada from manufacture, import, advertisement, offer for sale and sale in Canada of Supermaxx Toothbrush.  A true copy of

Loops' Statement of Claim filed with Federal Court in Vancouver, British Columbia, Canada, is attached hereto as Exhibit 6.

25. On information and belief, Loops considers the '285 Patent as a corresponding patent to the Canadian '109 Patent.

26. By sending the Cease and Desist Letter to Maxill Ohio demonstrating Loops' intent to enforce the '285 Patent against Maxill Ohio, Loops actions have created an actual controversy between Loops and Maxill Ohio that warrants an issuance of a declaratory judgment that the '285 Patent is invalid and unenforceable, and Maxill Ohio does not infringe the claims of the '285 Patent.

27. Loops' Cease and Desist Letter was directed at Maxill Ohio and not Maxill Canada because Loops specifically alleged that it "learned that maxill is **importing**, manufacturing, marketing, advertising, and/or selling flexible toothbrushes that infringe at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent." (Emphasis added.) Exhibit 2 at 1. Further, Loops addressed and sent the Cease and Desist Letter to Maxill Ohio, with a copy to Maxill Canada, and made a direct threat of its intent to enforce the '285 Patent against Maxill Ohio.

28. By sending the Cease and Desist Letter to Maxill Ohio demonstrating its intent to enforce the '285 Patent against Maxill Ohio, but filing an action of patent infringement only against Maxill Canada, Loops has also injected an uncertainty into the pursuit of its patent infringement allegations under the '285 Patent against Maxill Ohio.

29. Should Maxill Canada prevail in the litigation action by Loops in the United States District Court for the District of Utah involving the same '285 Patent, Maxill Ohio will

still be faced with the threat of litigation from Loops over the same '285 Patent relating to the same products that are accused of infringement in the District of Utah litigation.

30. By showing a propensity for litigation against Maxill group of companies, for instance, by asserting infringement of the '109 Patent against Maxill Canada related to Maxill Canada's Supermaxx Toothbrush, Loops has created a real and substantial threat of litigation for Maxill Ohio.

31. A judgement that Maxill Ohio's Supermaxx Product has not and will not infringe the asserted claims of the '285 Patent and/or that the '285 Patent is invalid and/or unenforceable will remove any uncertainty faced by Maxill Ohio arising from Loops' Cease and Desist Letter addressed to Maxill Ohio, the subsequent patent infringement action against Maxill Canada at the United States District Court for the District of Utah, and the patent infringement action against Maxill Canada in Vancouver, British Columbia, Canada.

32. Loops' actions have created a real, substantial and justiciable controversy between Loops and Maxill Ohio regarding the '285 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgement that the '285 patent is invalid and/or unenforceable and/or is not infringed by Maxill Ohio.

## COUNT ONE
## Declaratory Judgement Regarding U.S. Patent No. 8,448,285
### (Invalidity)

33. Maxill Ohio realleges paragraphs 1-32 of the Complaint as if fully set forth herein.

34. The claims of the '285 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 1 *et seq.*, including without limitation §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

35. An actual and justiciable controversy exists between the parties with respect to the '285 Patent, and Maxill Ohio is entitled to a declaratory judgment that the '285 Patent is invalid.

## COUNT TWO
## Declaratory Judgement Regarding U.S. Patent No. 8,448,285
## (Non-Infringement)

36. Maxill Ohio realleges paragraphs 1-35 of the Complaint as if fully set forth herein.

37. The manufacture, use, sale, offer for sale, or importation of Maxill Ohio's Supermaxx Products has not and will not infringe any valid claim of the '285 Patent.

38. An actual and justiciable controversy exists between the parties with respect to the '285 Patent, and Maxill Ohio is entitled to a declaratory judgment that the '285 Patent is not infringed by Maxill Ohio.

## COUNT THREE
## Declaratory Judgement Regarding U.S. Patent No. 8,448,285
## (Patent Misuse)

39. Maxill Ohio realleges paragraphs 1-38 of the Complaint as if fully set forth herein.

40. The '285 Patent was obtained and is being exploited and used in an improper manner and is thereby invalid for patent misuse.

41. An actual and justiciable controversy exists between the parties with respect to the '285 Patent, and Maxill is entitled to a declaratory judgment that the '285 Patent is unenforceable for patent misuse.

**PRAYER FOR RELIEF**

42. A judgement declaring that Maxill Ohio's import, export, manufacturer, use, offer for sale, or sale of the Supermaxx Products has not and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '285 Patent; that Maxill Ohio may manufacture, import, export from, use, sell and/or offer to sell the Supermaxx Products in the United States of America.

43. A judgement declaring the '285 Patent invalid.

44. A judgement declaring the '285 Patent unenforceable.

45. A decision that this case be deemed exceptional under 35 U.S.C. § 285.

46. Attorneys' fees and costs of suit.

47. Such other relief as the Court may decide is just and proper.

Dated this 5th day of December 2017.

s/ Mudit Kakar

Mudit Kakar, Ph.D. Esq.
m.kakar@choicapitallaw.com
Boyoon Choi, MBA, Esq.
b.choi@choicapitallaw.com
CHOI CAPITAL LAW PLLC
520 Pike Street Suite 975
Seattle, WA 98101

*Attorneys for Plaintiff*