Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAXILL INC.,

Plaintiff,

vs.

LOOPS, LLC AND LOOPS FLEXBRUSH, LLC

Defendants.

Cause No. 2:17-C-01825 TSZ

**ANSWER AND COUNTERCLAIM**

Defendants LOOPS, LLC and LOOPS FLEXBRUSH, LLC ("Defendants" or "LOOPS") hereby answer the complaint ("Complaint") of Plaintiff MAXILL, INC. ("Plaintiff" or "Maxill") as follows:

## NATURE OF THE ACTION

1. Admitted.

2. Admitted.

## THE PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

**THE CONTROVERSY**

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted there is an actual controversy between Loops and Maxill. Denied that the ‘285 Patent is invalid and unenforceable. Denied that Maxill warrants a declaratory judgment and denied that Maxill does not infringe on the ‘285 Patent.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted.

31. Denied.



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

32. Admitted that there is an actual controversy and denied that declaratory judgment of invalidity, unenforceability or noninfringement is warranted.

**COUNT ONE**

**Declaratory Judgement Regarding U.S. Patent No. 8,448,285**

**(Invalidity)**

33. LOOPS realleges paragraphs 1-32 of the Answer as set forth fully herein.

34. Denied.

35. Admitted that an actual and justiciable controversy exists with respect to the '285 patent. Denied that Maxill is entitled to declaratory judgement with respect to invalidity.

**COUNT TWO**

**Declaratory Judgement Regarding U.S. Patent No. 8,448,285**

**(Non-Infringement)**

36. LOOPS realleges paragraphs 1-35 of the Answer as set forth fully herein.

37. Denied.

38. Admitted that an actual and justiciable controversy exists with respect to the '285 patent. Denied that Maxill is entitled to declaratory judgement with respect to non-infringement.

**COUNT THREE**

**Declaratory Judgement Regarding U.S. Patent No. 8,448,285**

**(Patent Misuse)**

39. LOOPS realleges paragraphs 1-38 of the Answer as set forth fully herein.



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

40. Admitted that the '285 patent was obtained. Denied that it is being exploited or being used improperly.

41. Admitted that an actual and justiciable controversy exists with respect to the '285 patent. Denied that Maxill is entitled to declaratory judgement with respect to patent misuse.

**DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF**

In response to the clause following paragraph 42 of the Complaint, Defendants deny the averments contained in the Request for Relief and further deny that Plaintiff is entitled to any relief whatsoever against Defendants.

**FIRST AFFIRMATIVE DEFENSE**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege: That the Complaint and each purported cause of action therein fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege: Plaintiff has infringed valid and enforceable claims of the '285 patent and is liable to Defendants for all damages, exemplary damages for willful infringement, attorneys' fees and costs available via Title 35 of the Federal statutes regarding patent infringement.

**THIRD AFFIRMATIVE DEFENSE**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege: On information and belief, Plaintiff commenced this action for primary purpose of wrongfully harassing, intimidating, threatening and/or coercing Defendants and competition in the market.



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

## RESERVATION OF RIGHTS TO ALLEGE OTHER AFFIRMATIVE DEFENSES

Defendants hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during the discovery proceedings in the action and hereby reserve the right to amend their Answer to Plaintiff's Complaint and to assert any such further defense or claim by appropriate motion.

## PRAYER FOR RELIEF

WHEREFORE, as to Plaintiff Maxill's Complaint, Defendants prays for entry of judgment as follows:

1. That Plaintiff take nothing by virtue of the Complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

For their counterclaim, Counterclaimant Loops, L.L.C. and Loops Flexbrush, L.L.C., appearing through undersigned counsel, state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Loops, L.L.C. and Loops Flexbrush, L.L.C. (collectively, "Loops") are Delaware limited liability companies with their principal places of business in Whatcom County, Washington.

2. Upon information and belief, Defendant Maxill Inc. ("Maxill") is a corporation incorporated and existing under the laws of the State of Ohio, and having a principal place of business at 181 N. Mecca St., Cortland, Ohio 44410.



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and more particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief Maxill has purposefully availed itself of the privilege of suit in this judicial district, invoking the benefits and protections of the laws of the State of Washington.

5. Venue is proper in this judicial district pursuant to FRCP 13(a), Maxill's assertion of its Complaint in this judicial district and waiver of any objection to jurisdiction over the Counterclaim in response to the Complaint and 28 U.S.C. §§ 1391(b)-(d), and 1400(b).

## GENERAL ALLEGATIONS

6. Loops invents and sells personal care products designed for distribution in correctional and mental health facilities.

7. One of Loops' flagship products is the Loops Flexbrush®, a compact toothbrush with a flexible handle that cannot be fashioned into a weapon, making it ideal for use in these facilities.

8. Loops owns certain related intellectual property including United States Patent No. 8,448,285 (the "'285 Patent") entitled "Toothbrush and Methods of Making and Using Same." A true and correct copy of the '285 Patent is attached hereto as Exhibit A.

9. Upon information and belief, in connection with its parent Maxill, Inc., a Canada corporation ("Maxill Canada"), Maxill promotes, distributes, imports and/or sells, among other things, personal care products to correctional and mental health facilities.



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

10. In or around 2016 or 2017, in connection with Maxill Canada, Maxill began promoting, offering to sell and/or selling a competing flexible toothbrush under the designation, SuperMaxx (the "SuperMaxx Product," as also referenced in the allegations of the Complaint) in the United States.

11. Upon information and belief, in connection with Maxill Canada, Maxill supplies Bob Barker Company, Inc. and/or others with the SuperMaxx Product.

12. Upon information and belief, Maxill is and has been at all times relevant hereto aware of the '285 Patent.

## FIRST CLAIM FOR RELIEF

## (Infringement of the '285 Patent)

13. Loops hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 12.

14. The '285 Patent was duly and legally issued on May 28, 2013. Loops is the sole owner of the '285 Patent.

15. Maxill is infringing the '285 Patent by using, promoting, marketing, advertising, distributing, importing, having made, offering for sale and/or selling the SuperMaxx Product, which infringes, and thereby meets every element of, at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent literally and/or under the doctrine of equivalents. For example, the SuperMaxx Product directly includes and meets every element and limitation of at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent. By way of example, not limitation, a representative claim chart showing how the SuperMaxx Product infringes at least these claims of the '285 Patent is attached as Exhibit B.

16. Loops has been damaged and has suffered irreparable injury due to Maxill's acts of infringement, and will continue to suffer damages and irreparable injury unless its acts are enjoined.



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

17. Loops is informed and believes, and on that basis alleges, that Maxill has willfully infringed at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent entitling Loops to increased damages under 35 U.S.C. § 284, and that these deliberate acts in full view of at least claims 1, 2-3, 6, 9, 11-12, and 15-16 of the '285 Patent and the history between Loops and Maxill make this case exceptional entitling Loops to recover its attorneys' fees in prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Loops prays for relief as follows:

A. That Maxill be adjudged to have infringed the '285 Patent under 35 U.S.C. §§ 271(a);

B. That Maxill, and its parent, subsidiaries, divisions, affiliates, officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with either of them be permanently restrained and enjoined under 35 U.S.C. § 283 from directly infringing the '285 Patent;

C. That the Court award Loops recovery of damages to compensate it for Maxill's infringement of the '285 Patent pursuant to 35 U.S.C. § 284 in an amount to be proven at trial;

D. That Maxill be adjudged to have willfully infringed the '285 Patent under 35 U.S.C. § 271 (a), and that the Court treble the amount of actual damages pursuant to 35 U.S.C. § 284;

E. That this action be adjudged an exceptional case, and that the Court award Loops its attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. § 285;



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

F. That the Court assess pre-judgment and post-judgment interest and costs of suit against Maxill and award such interest and costs to Loops pursuant to 35 U.S.C. § 284; and

G. That Loops receive such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim-Plaintiffs Loops, L.L.C. and Loops Flexbrush, L.L.C. hereby demand a trial by jury as to all claims and all issues triable by jury.

Dated February 8, 2018

Respectfully submitted,

*/s/ Kent M. Walker*
Kent M. Walker *(pro hac vice)*
**LEWIS KOHN & WALKER, LLP**
15030 Avenue of Science, Suite 201
San Diego, CA 92128
Phone 858) 436-1333
Fax (858) 436-1349
kwalker@lewiskohn.com

Philip P. Mann, WSBA No: 28860
**Mann Law Group**
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone (206) 436-0900
Fax (866) 341-5140
phil@mannlawgroup.com

Attorneys for Defendants LOOPS, LLC
AND LOOPS FLEXBRUSH, LLC

**CERTIFICATE OF SERVICE**

I hereby certify on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

DATED: February 8, 2018 /s/ *Kent M. Walker*



MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500