UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXILL INC., an Ohio corporation,<br><br>    Plaintiff,<br><br>v.<br><br>LOOPS, LLC; and LOOPS FLEXBRUSH, LLC,<br><br>    Defendants. | C17-1825 TSZ<br>(consolidated with C18-1026 TSZ)<br><br>MINUTE ORDER |
| LOOPS, L.L.C.; and LOOPS FLEXBRUSH, L.L.C.,<br><br>    Plaintiffs,<br><br>v.<br><br>MAXILL INC., a Canadian corporation; and DOES 1-10,<br><br>    Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Loops, L.L.C. and Loops Flexbrush, L.L.C. (collectively, "Loops") are DIRECTED to show cause by May 31, 2019, why defendants Does 1-10 should not be dismissed for failure to identify and join such entities on or before October 22, 2018, the deadline set forth in the Minute Order entered August 30, 2018, docket no. 23.

MINUTE ORDER - 1

(2) With regard to the parties' first submission under Local Civil Rule 37, docket nos. 32 and 34, the Court ORDERS as follows:

(a) <u>Loops Interrogatory No. 3</u>: Maxill Inc., an Ohio corporation, and Maxill Inc., a Canadian corporation, (collectively, "Maxill") are DIRECTED to identify the entities that have purchased the Accused Products within the United States since May 28, 2013; Maxill's response shall be subject to the restrictions set forth in the Stipulated Protective Order, docket no. 25, for material designated as "Confidential - Attorneys Eyes Only."

(b) <u>Loops Interrogatory No. 9</u>: Loops has not indicated how Maxill's response to this interrogatory is incomplete, and Loops's request to compel further disclosure from Maxill in response to this interrogatory is DENIED.

(c) <u>Loops Interrogatory No. 10</u>: This interrogatory seeks essentially the same information as Interrogatory No. 3, and the Court's ruling concerning Interrogatory No. 3 renders moot the parties' dispute regarding Interrogatory No. 10.

(d) <u>Loops Request for Production No. 16(h-j)</u>: Maxill is DIRECTED to produce profit and loss or similar statements reflecting gross profits on the Accused Products since May 28, 2013, as well as costs, taxes, and/or overhead expenses used to compute net profits; Maxill is DIRECTED to also produce any promotional materials and/or advertisements that were distributed or displayed within the United States relating to the Accused Products; Loops's request to compel from Maxill "all documents mentioning" the Accused Products, including specifications, manuals, invoices, purchase orders, bills of lading, and customs manifests, is DENIED because it seeks discovery that is not proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1); Maxill's financial information shall be subject to the restrictions set forth in the Stipulated Protective Order, docket no. 25, for material designated as "Confidential - Attorneys Eyes Only," but any promotional or advertising materials previously distributed to third parties shall not be treated as "Confidential" or "Confidential - Attorneys Eyes Only."

(e) Maxill shall comply with the discovery obligations set forth in Paragraphs 2(a)-(d), above, on or before May 24, 2019.

(3) With regard to the parties' second submission under Local Civil Rule 37, docket nos. 35 and 37, the Court ORDERS as follows:

(a) <u>Request for Production No. 10</u>: Loops is DIRECTED to produce, on or before May 24, 2019, any documents responsive to this request and a statement indicating that a diligent search was performed.

(b) <u>Request for Production No. 7</u>: Loops is DIRECTED to produce, on or before June 14, 2019, profit and loss or similar statements (*e.g.*, unredacted portions of its ledgers) reflecting gross profits, if any, on sales to entities identified by Maxill in response to Loops's Interrogatory No. 3; Loops's disclosures shall be subject to the restrictions set forth in the Stipulated Protective Order, docket no. 25, for material designated as "Confidential - Attorneys Eyes Only."

(c) <u>Request for Production No. 57</u>: Maxill's request to compel Loops to produce "all records, including any purchase orders, sales and payment receipts" corresponding to "each sales figure" in Loops's previously disclosed ledgers is DENIED because it seeks discovery that is not proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

(d) <u>Request for Production No. 58</u>: Maxill's request to compel Loops to produce "detail records and documents" supporting the foreign ledger, dual ledger, and California ledger previously disclosed is DENIED because it seeks discovery that is not proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1).

(e) <u>Request for Production No. 59</u>: Maxill's request to compel Loops to produce "all documents and things" that support Steven Kayser's testimony about Loops's decrease in sales resulting from "counterfeiting" over the last ten years is DENIED; this action concerns Loops's allegations that Maxill is and/or was infringing United States Patent No. 8,448,285, which issued on May 28, 2013, and whether Loops suffered losses as a result of "counterfeiting" of products not embodying the patent, or in which entities other than Maxill engaged, is not relevant.

(f) <u>Interrogatory No. 9</u>: Maxill's request to compel Loops to identify new customers "gained in 2016" is DENIED; Maxill appears to seek such information to prove that Loops "habitually pursues litigation against its competitors . . . for the sole purpose of monopolizing the market," 2d LCR 37 Mot. at 19 (docket no. 37), but a patent holder like Loops "may bring suit [to enforce its patent rights against infringement] without fear that [its] doing so will be regarded as an unlawful attempt to suppress competition," *see Dawson Chem. Co. v. Rohn & Haas Co.*, 448 U.S. 176, 201 (1980); *see also* 35 U.S.C. § 271(d); moreover, to the extent that Interrogatory No. 9 is inquiring about Loops's sales in 2016 to entities that have purchased the Accused Products since May 28, 2013, the Court's ruling concerning Request for Production No. 7 renders moot the parties' dispute regarding Interrogatory No. 9.

(g) <u>Interrogatory No. 16</u>: Loops is DIRECTED to state, on or before May 24, 2019, the amount of damages, if any, being sought in this litigation for lost sales, and how such amount is calculated.

MINUTE ORDER - 3

(h) <u>Request for Production No. 60</u>: Maxill's request to compel Loops to produce one or more contracts with Bob Barker Company, Inc. ("Bob Barker"), in the absence of Bob Barker's consent, is DENIED without prejudice; Maxill may renew its motion if efforts to obtain the documents directly from Bob Barker are unsuccessful.

(i) <u>Request for Production No. 47</u>: Maxill's request to compel Loops to produce all "pleadings or other papers" in <u>Loops LLC v. Phoenix Trading, Inc.</u>, W.D. Wash. Case No. C08-1064 RSM, is DENIED; information about this case is publicly available in Westlaw, <u>see</u>, <u>e.g.</u>, <u>Loops LLC v. Phoenix Trading, Inc.</u>, 2016 WL 6609560 (W.D. Wash. Nov. 9, 2016), as well as through CM/ECF.

(j) <u>Interrogatory No. 3</u>: Maxill's request to compel Loops to identify all lawsuits to which it is or was a party is DENIED because it seeks discovery that is not proportional to the needs of the case, <u>see</u> Fed. R. Civ. P. 26(b)(1).

(k) <u>Interrogatory No. 12</u>: Loops has answered this interrogatory, and Maxill's request to compel Loops to provide information about Dr. Garsh that it has indicated it does not possess is DENIED.

(l) <u>Interrogatory No. 13</u>: Loops is DIRECTED to provide, on or before May 10, 2019, either (i) the full name and any contact information for individuals who advised Loops about Bob Barker selling the Accused Products to College Hospital and/or the juvenile correctional facility in California, or (ii) a summary of Loops's efforts to attempt to locate such information.

(4) Except as granted in Paragraphs 2 and 3, above, the LCR 37 submissions are DENIED. The Court DECLINES to award attorneys' fees or costs in connection with either of the parties' LCR 37 submissions.

(5) In light of the Court's rulings, the expert disclosure deadline is sua sponte EXTENDED from May 24, 2019, to June 28, 2019, and the rebuttal expert disclosure deadline is EXTENDED from June 24, 2019, to July 26, 2019. The fact discovery deadline remains August 1, 2019, but experts may be deposed until August 30, 2019. A new deadline is hereby imposed for motions related to expert witnesses (<u>e.g.</u>, motions pursuant to <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), and its progeny); such motions shall be filed by October 10, 2019, and noted on the motions calendar no later than the third Friday thereafter (<u>see</u> LCR 7(d)(3)). The Agreed Pretrial Order, which is due on January 10, 2020, shall be filed in the Case Management and Electronic Case Filing (CM/ECF) system, and shall also be attached as a Word compatible file to an e-mail sent to the following address: ZillyOrders@wawd.uscourts.gov. Notwithstanding Local Civil Rule 16.1, the exhibit list shall be prepared in table format with the following columns: "Exhibit Number," "Description," "Admissibility Stipulated," "Authenticity Stipulated/Admissibility Disputed," "Authenticity Disputed," and "Admitted." The latter

MINUTE ORDER - 4

column is for the Clerk's convenience and shall remain blank, but the parties shall indicate the status of an exhibit's authenticity and admissibility by placing an "X" in the appropriate column. Duplicate documents shall not be listed twice; once a party has identified an exhibit in the pretrial order, any party may use it. All other terms and conditions, and all dates and deadlines not inconsistent herewith, set forth in the Minute Order entered August 30, 2018, docket no. 23, shall remain in full force and effect.

(6) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of May, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 5