UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAXILL INC., an Ohio corporation,

          Plaintiff,

   v.

LOOPS, LLC; and LOOPS FLEXBRUSH, LLC,

          Defendants.

LOOPS, L.L.C.; and LOOPS FLEXBRUSH, L.L.C.,

          Plaintiffs,

   v.

MAXILL INC., a Canadian corporation,

          Defendant.

C17-1825 TSZ
(consolidated with C18-1026 TSZ)

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for protective order and stay, docket no. 50, brought by Loops, L.L.C. and Loops Flexbrush, L.L.C. ("Loops") is DENIED. Loops contends that this action should be stayed while the parties litigate in Canada concerning an alleged breach of a settlement agreement executed in April 2014. The Court is not persuaded that a stay is necessary. The settlement agreement at issue was between Loops and Maxill Inc., a Canadian corporation ("Maxill-Canada"); Maxill Inc., an Ohio corporation ("Maxill-Ohio") was not a party to the settlement agreement. *See* Ex. A to Brechtel Decl. (docket

MINUTE ORDER - 1

no. 52-1). Thus, even if the settlement agreement precludes Maxill-Canada from "attacking the validity" of United States Patent No. 8,448,285 (the "'285 Patent"), it does not prevent Maxill-Ohio from doing so. Moreover, the "no-challenge" clause contained in the settlement agreement is unenforceable in this patent litigation with regard to the '285 Patent.[1] <u>See</u> <u>Massillon-Cleveland-Akron Sign Co. v. Golden State Advert. Co.</u>, 444 F.2d 425, 427 (9th Cir. 1971); <u>see also</u> <u>Rates Tech. Inc. v. Speakeasy, Inc.</u>, 685 F.3d 163 (2d Cir. 2012). The Canadian lawsuit that culminated in the settlement agreement and a consent judgment involved only Canadian Patent No. 2,577,109, and the validity of the '285 Patent was not at issue in the prior proceedings. <u>See</u> Ex. E to Brechtel Decl. (docket no. 50-3 at 7, ¶ 6); <u>see also</u> Ex. 1 to DiMeo Decl. (docket no. 60). Thus, with respect to the '285 Patent, the "no-challenge" clause constitutes an attempt to resolve a dispute about patent validity prior to any litigation, which runs contrary to the "strong federal policy favoring the full and free use of ideas in the public domain." <u>Lear, Inc. v. Adkins</u>, 395 U.S. 653, 674 (1969); <u>see also</u> <u>Rates Tech.</u>, 685 F.3d at 170-71; <u>Massillon</u>, 444 F.2d at 427. In contrast to final judgments, consent decrees, and settlement agreements with "no-challenge" clauses relating to patents actually "in suit," <u>see</u> <u>Flex-Foot, Inc. v. CRP, Inc.</u>, 238 F.3d 1362, 1369 (Fed. Cir. 2001), pre-litigation settlements containing "no-challenge" clauses threaten to "muzzle" those who might be the only entities with "enough economic incentive to challenge the patentability of an inventor's discovery," and thereby force the public to continue to "pay tribute to would-be monopolists without need or justification." <u>Lear</u>, 395 U.S. at 670; <u>see also</u> <u>Rates Tech.</u>, 685 F.3d at 172 (holding that "covenants barring future challenges to a patent's validity entered into prior to litigation are unenforceable, regardless of whether the agreements containing such covenants are styled as settlements agreements or simply as license agreements"). The Canadian proceedings do not warrant a stay of this action or provide a basis for Loops to resist Maxill-Canada's and Maxill-Ohio's efforts to depose Steven Kayser.

(2) The motion to compel, docket no. 46, brought by Maxill-Canada and Maxill-Ohio (collectively, "Maxill"), is GRANTED in part and DENIED in part as follows. Counsel shall meet and confer concerning a mutually convenient time to further depose Steven Kayser individually and under Federal Rule of Civil Procedure 30(b)(6). Such deposition shall occur before the fact discovery completion deadline of August 1, 2019. Maxill's request for attorney's fees in connection with its motion to compel is DENIED.

(3) Counsel are REMINDED of their obligation to provide working or courtesy copies of voluminous filings. <u>See</u> Local Civil Rule 10(e)(9).

---

[1] The Court makes no ruling concerning the preclusive effect of the settlement agreement with respect to any other patents or the extent to which the settlement agreement is enforceable in Canada.

(4) Loops's motion to seal, docket no. 63, is GRANTED as follows. The unredacted version of Loops's reply, docket no. 64, in support of its motion for protective order and stay, shall remain under seal. Moreover, Loops's unopposed request, *see* Reply at 1 n.1 (docket no. 64 at 2), for extension of time is GRANTED, and Loops's reply, docket no. 64, will be considered timely filed.

(5) Maxill's motion to seal, docket no. 67, is GRANTED as follows. The unredacted versions of the Declaration of Mudit Kakar and Exhibits A, B, and E thereto, docket no. 68, shall remain under seal.

(6) Counsel are REMINDED that motions to seal should be noted for the third Friday after filing unless they are unopposed or stipulated. Counsel shall meet and confer in advance of filing motions to seal and, if possible, file a stipulation and proposed order to seal, rather than a motion to seal.

(7) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 9th day of July, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3