Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXILL INC., Plaintiff, vs. LOOPS, LLC AND LOOPS FLEXBRUSH, LLC Defendants. | Cause No. 2:17-C-01825 TSZ |
| LOOPS, L.L.C., et al. Plaintiffs, v. MAXILL INC., et al. Defendants. | **LOOPS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (COUNTERCLAIM)** **NOTE ON MOTION CALENDAR: AUGUST 2, 2019** |

Pursuant to the Western District of Washington's Local Civil Rules ("LCR") 7 and 15, Defendants, Counter-plaintiffs and consolidated Plaintiffs LOOPS, L.L.C. and LOOPS FLEXBRUSH L.L.C. (collectively "Loops"), through their undersigned counsel, hereby submit their motion and memorandum in support of seeking an order providing leave to file a first amended complaint.

Loops confirms that it has satisfied the meet and confer obligations. See Declaration of Kent M. Walker at ¶ 2 ("Walker Decl." submitted herewith).

## I. INTRODUCTION

Loops moves for leave to file a first amended complaint (counterclaim). This motion is brought on the following grounds: (1) On July 2, 2019, U.S. Patent No. 10,334,940 ("'940 patent") issued to Loops; the '940 patent is directly related to the '285 patent asserted in the original complaint; and Loops asserts that Maxill infringes claims of the '940 patent based on the same accused products as in the original complaint, (2) good cause exists to grant leave as the amendment is directed to the same subject matter, legal and factual issues and purpose as the original complaint; and (3) justice requires leave to amend be given because there exists no undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or the repeated failure to cure deficiencies by amendments previously given.

## II. STATEMENT OF FACTS

As the Court has seen, Loops invents and sells personal care products designed for distribution in correctional and mental health facilities. One of Loops' flagship products is the Loops Flexbrush®, a compact toothbrush with a flexible handle that cannot be fashioned into a weapon, making it ideal for use in these facilities. Loops owns certain related intellectual property including United States Patent No. 8,448,285 (the "'285 Patent") entitled "Toothbrush and Methods of Making and Using Same," which is directed to such toothbrushes.

Maxill is Maxill Inc., a Canadian company ("Maxill Canada"), and Maxill, Inc., an Ohio company ("Maxill Ohio"). Like Loops, they also manufacture, promote, distribute and/or sell personal care products to correctional and mental health facilities. Maxill makes and sells the "Accused Toothbrush" aka the Supermaxx toothbrush, in the U.S., which Loops asserts infringes the '285 patent.

The Court will also recall that this action was consolidated with an action transferred to this District from the United States District Court for the District of

Utah The Utah case involved Loops' claim of patent infringement by Maxill Canada and third-party Bob Barker Company, Inc. Loops dismissed Bob Barker from the Utah case in view of a settlement agreement between them as of May 30, 2018. This action originally involved Maxill Ohio's claims for declaratory relief against Loops concerning the same allegations as in the Utah case, based on the same '285 patent and the same Accused Product, SuperMaxx. Loops and Maxill agreed to transfer the Utah case here and the Court agreed to consolidate the actions.

The parties agreed that discovery taken in the Utah case could be used in this action, and Loops understood Maxill to agree to update its discovery responses in that and this action by providing responses from both Maxill Canada and Maxill Ohio. See, e.g., Dkt. No. 21 at p. 8. A Protective Order regarding disclosure of confidential information has been entered in this action. Dkt. No. 25. Discovery is closing in the coming weeks, the last day to file summary judgment motions is October 3, 2019 and trial is set for January 27, 2020. Dkt. No. 23.

On July 2, 2019, the United States Patent and Trademark Office ("USPTO") issued the '940 patent to Loops LLC. Walker Decl. ¶ 3 and Exhibit 1 thereto at Exhibit C thereto. As the both depend from the same application, the '940 patent is directly related to the '285 patent asserted in the original complaint. Loops asserts that Maxill infringes claims of the '940 patent based on the same accused products as in the original complaint, i.e., certain SuperMaxx products. Loops' assertions of infringement of the '940 patent are thus directed to the same parties, products, subject matter, legal and factual issues and purpose as the original complaint.

Loops now seeks leave to file a first amended complaint adding a cause of action for patent infringement of the ‘940 patent. A proposed first amended complaint reflecting the amendments is submitted herewith. See Walker Decl. ¶ 3 and Exhibit 1 thereto.

## III. ARGUMENT

Fed. R. Civ. P. Rule 15(a)(2) provides that “[t]he court should freely give leave when justice so requires.”

An “amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim.” *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)). In the absence of an “apparent reason,” such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs*, 833 F.2d 183 at 186).

These factors weigh in favor of granting leave for Loops to file its proposed first amended complaint to add a cause of action for patent infringement of the ‘940 patent. This action is not at an early stage, rather discovery is closing August 2, 2019 and trial is set for January 27, 2019. However, there has been no undue delay as the ‘940 patent issued on July 2, 2019. Loops does not seek leave to amend their complaint in bad faith or with a dilatory motive, but rather to pursue Maxill in a single action as sellers of the same accused products that gave rise to Loops’ original complaint based on the ‘285 patent and now the related and newly issued ‘940 patent as well.

Defendants will not suffer undue prejudice as result of the proposed amendment. It is the party opposing the amendment that bears the burden of showing prejudice. See *DCD Programs, Ltd*., 833 F.2d at 187-88. Loops submits that the action could be delayed by less than 12 months from the current schedule, which is not significant in view of the circumstances and the economies of a single action as opposed to multiple actions between the same parties about the same subject. The issues of infringement and validity, including claim construction, and damages overlap greatly, both factually and legally, as they all involve the same parties and accused products, and the patents are directly related.

The amendment is not futile. An amendment is only futile when "it appears beyond doubt" that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *DCD Programs, Ltd*., 833 F.2d at 188 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The proposed first amended complaint merely adds assertions of the '940 patent against Maxill based on the same accused products that gave rise to the original complaint and based on similar claims from the newly issued '940 patent. This "may be a proper subject of relief," and thus, Loops "ought to be afforded the opportunity to test his claim on the merits." *Id*. (quoting *Foman*, 371 U.S. at 182).

Thus, there exists no reason why leave to amend should not be "freely given."

## IV. CONCLUSION

For the foregoing reasons, good cause has been shown, and the Court should grant Loops' motion for leave to amend.

Dated July 11, 2019.

*/s/ Kent M. Walker*
Kent M. Walker (*pro hac vice*)
**LEWIS KOHN & WALKER, LLP**
15030 Avenue of Science, Suite 201

San Diego, CA 92128
Phone : 858-436-1333
Fax : 858-436-1349
kwalker@lewiskohn.com

Philip P. Mann (WSBA #28860)
**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone : 206-436-0900
Fax : 866-341-5140
phil@mannlawgroup.com

***Attorneys for Defendants / Counter-claim Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

DATED: July 11, 2019 /s/ *Kent M. Walker*