Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXILL INC.,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>LOOPS, LLC AND LOOPS FLEXBRUSH, LLC<br>　　　　　Defendants.<br>LOOPS, L.L.C., et al.<br><br>　　　　　Plaintiffs,<br>　v.<br><br>MAXILL INC., et al.<br><br>　　　　　Defendants. | Cause No. 2:17-C-01825 TSZ<br><br>**LOOPS' OPPOSITION TO MOTION TO ENFORCE THE COURT'S PROTECTIVE ORDER (DKT. NO. 25) AND MINUTE ORDER (DKT NO. 40); SANCTION LOOPS AND ITS COUNSEL FOR VIOLATION OF THE COURT'S ORDERS; AND ISSUE AN INJUNCTION PREVENTING LOOPS FROM FURTHER MISUSE OF MAXILL'S CONFIDENTIAL BUSINESS INFORMATION** |

Pursuant to the Western District of Washington's Local Civil Rule 7, Defendants, Counter-plaintiffs and consolidated Plaintiffs LOOPS, L.L.C. and LOOPS FLEXBRUSH L.L.C. (collectively "Loops"), through their undersigned counsel, provide this Opposition to Plaintiff and counter-defendant MAXILL, INC. and Defendant and Consolidated defendant MAXILL, INC.'s (collectively "Maxill") Motion to Enforce the Court's Protective Order (Dkt. No. 25 and

OPPOSITION TO ENFORCE THE COURT'S PROTECTIVE ORDER (DKT. NO. 25) AND MINUTE ORDER (DKT NO. 40)
Cause No. 2:17-C-01825 TSZ

Page 1

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

Minute Order (Dkt. No. 40); Sanction Loops and its Counsel for Violation of the Court's Orders; and Issue an Injunction Preventing Loops from Further Misuse of Maxill's Confidential Business Information.

## I. LOOPS' RESPONSE IN OPPOSITION

Loops' counsel did not understand Maxill's first supplemental response to Interrogatory No. 3 to be designated as confidential[1], because Maxill did not designate it as such. Indeed, this matter arose after Maxill provided its second supplemental response to the interrogatory four weeks later, which was designated as confidential, and then Loops' counsel asked Maxill whether the second supplemental response really needed to be designated as confidential, since it merely added one name as compared to the first response and the first response was not designated confidential. That is when Maxill's counsel said the first supplemental response was "inadvertently" not designated as confidential. See Maxill's Ex. C, Dkt. No. 66-3 (and Maxill publicly disclosed the customer name in this filed exhibit). While denying having done anything intentionally wrong, when Maxill raised this issue and filed their motion, Loops' counsel informed Maxill's counsel as follows:

> In sum, if I made a mistake in disclosing on the first supplemental response to rog 3, I apologize, but I certainly did not intend to disclose it to Loops against the order or protective order. As I explained, I thought it was not designated confidential. And, it has not been disclosed outside of Loops, and we agree that Loops will not make further use of it if Maxill is maintaining that it is CAEO, but we as counsel for Loops can use it on Loops' behalf. So, that would seem to resolve most of the motion.

See the Declaration of Kent M. Walker ("Walker Decl.") at ¶ 2 and Exhibit 1 thereto; see also the Declaration of Steven Kayser ("Kayser Decl.") at ¶¶ 3, 4.

---

[1] I.e., Confidential Attorneys' Eyes Only.

OPPOSITION TO ENFORCE THE COURT'S
PROTECTIVE ORDER (DKT. NO. 25) AND
MINUTE ORDER (DKT NO. 40)
Cause No.  2:17-C-01825 TSZ

Page 2

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

Accordingly, Loops' counsel denies having violated or intentionally violating the Order on motion to compel, Dkt. No. 40, or Protective Order, Dkt. No. 25, but Loops agrees not to disclose or use the information, other than through counsel, which respectfully should resolve Maxill's concerns. Walker Decl. at ¶¶ 4-7 and Kayser Dec. at ¶¶ 3, 4.

Loops' counsel also respectfully submits that he had ample reason to believe the response was not designated as confidential. As noted above, Maxill concedes that it "inadvertently" failed to designate the subject response as confidential in the first place. See also, the undesignated response, Maxill's Ex. A, Dkt. no. 66-3 (June 24, 2019 email from Mr. Kakar). Maxill had the obligation to make the designation, pursuant to the protective order. Dkt. No. 25 at §§ 5, 5.2. Maxill concurrently designated other materials as confidential in the same communications in which it produced the subject response without a confidentiality designation. See Walker Decl. at ¶¶ 3, 4 and Exhibit 2 thereto. The response is simply comprised of a list of about 10 names, including some with address information. See Maxill's Ex. A, Dkt. no. 66-1. The information does not appear on its face to be highly confidential. Loops was to use the information in the supplemental response to provide its own supplemental interrogatory response. As provided in the Order, Dkt. 40:

> (b) Request for Production No. 7: Loops is DIRECTED to produce, on or before June 14, 2019, profit and loss or similar statements (e.g., unredacted portions of its ledgers) reflecting gross profits, if any, on sales to entities identified by Maxill in response to Loops's Interrogatory No. 3; Loops's disclosures shall be subject to the restrictions set forth in the Stipulated Protective Order, docket no. 25, for material designated as "Confidential - Attorneys Eyes Only."

In view of this, Loops' counsel had reasonable reasons to believe that the undesignated information was provided so it could be used with its clients to provide the supplemental response, which it was. Walker Decl. ¶¶ 5, 6.

OPPOSITION TO ENFORCE THE COURT'S PROTECTIVE ORDER (DKT. NO. 25) AND MINUTE ORDER (DKT NO. 40)
Cause No. 2:17-C-01825 TSZ

Page 3

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

1    Also, Maxill designated its second supplemental response to the interrogatory as confidential, which indicates that Maxill understood it had an obligation to designate such information as such upon producing it. See Maxill's Ex. B, Dkt. No. 66-2.

In addition, in response to Maxill's reference to it, Loops' counsel did not understand the Court's Order, Dkt. no. 40, and the language below, to obviate the need to designation information as confidential:

> (a) Loops Interrogatory No. 3: Maxill Inc., an Ohio corporation, and Maxill Inc., a Canadian corporation, (collectively, "Maxill") are DIRECTED to identify the entities that have purchased the Accused Products within the United States since May 28, 2013; Maxill's response shall be subject to the restrictions set forth in the Stipulated Protective Order, docket no. 25, for material designated as "Confidential - Attorneys Eyes Only."

Rather, Loops' counsel understood that language to simply confirm to both parties, perhaps since they had been arguing about disclosures, that they could designate such information as confidential (the same language was used in connection with the Order on Loops' supplemental response). That is, the response shall be "subject to" the restrictions set forth in the protective order, if the parties designate it as such. Maxill did not designate the information as such. Walker Decl. ¶ 5.

Moreover, Loops' counsel was not trying to get away with anything. Rather, as shown, Loops' counsel is the one who raised the question of why the second supplemental response to Interrogatory No. 3 was designated as confidential, while the first supplemental response was not. Loops' counsel obviously thought that the first response had not been designated as confidential, and it was not designated as confidential. See Maxill's Ex. C, Dkt. No. 66-3. Further, as noted above, the response comprises a list of about 10 names, which was to be used by Loops to produce ledger entries from Loops' sales

OPPOSITION TO ENFORCE THE COURT'S PROTECTIVE ORDER (DKT. NO. 25) AND MINUTE ORDER (DKT NO. 40)
Cause No. 2:17-C-01825 TSZ

Page 4

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

corresponding to the same customers and/or to generate profit and loss statements regarding sales to those customers pursuant to the Order, Dkt. No. 40. Loops counsel is not familiar with the past six years of its clients' ledgers or calculations of profit and loss statements regarding specific customers. Loops' counsel reasonably believed it was not required to attempt to extract ledger entries or generate profit and loss statements on specific customers without being able to confer with their clients Loops about identifying those entries about those customers, whose identities had not been designated as confidential. Walker Decl. ¶ 6.

Maxill's request that Loops be precluded from using the information would be unfair, nor does absolute preclusion of use make sense. The information is relevant to Loops' infringement and damages contentions, as it relates to sales of accused products. Loops' counsel has a right to see and use the information on behalf of Loops, even if Maxill designates the information as confidential pursuant to the protective order.

Loops has not disclosed and will not disclose the information to any third party. Loops has made limited use of the information. Loops will not make further use of the information, other than through counsel. Walker Decl. ¶ 7; Kayser Decl. ¶¶ 3, 4.

As to sanctions, Maxill contributed to the problem by inadvertently not designating the response as confidential. Loops' counsel did not act maliciously. Loops acted reasonably to rectify Maxill's concerns about disclosure and use of the information in the response. Walker Decl. ¶¶ 2-7. Maxill has not established sufficient bad conduct to support an award of sanctions or attorney's fees. Maxill has not identified any substantial harm that it has or will suffer. Loops respectfully submits that neither sanctions nor attorneys' fees are warranted under the facts presented.

OPPOSITION TO ENFORCE THE COURT'S
PROTECTIVE ORDER (DKT. NO. 25) AND
MINUTE ORDER (DKT NO. 40)
Cause No. 2:17-C-01825 TSZ

Page 5

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

Dated July 22, 2019.

                         ___*/s/ Kent M. Walker*_____
                         Kent M. Walker (*pro hac vice*)
                         **LEWIS KOHN & WALKER, LLP**
                         15030 Avenue of Science, Suite 201
                         San Diego, CA 92128
                         Phone : 858-436-1333
                         Fax : 858-436-1349
                         kwalker@lewiskohn.com

                         Philip P. Mann (WSBA #28860)
                         **MANN LAW GROUP**
                         1218 Third Avenue, Suite 1809
                         Seattle, WA 98101
                         Phone : 206-436-0900
                         Fax : 866-341-5140
                         phil@mannlawgroup.com

                         ***Attorneys for Defendants / Counter-claim Plaintiffs***

OPPOSITION TO ENFORCE THE COURT'S
PROTECTIVE ORDER (DKT. NO. 25) AND
MINUTE ORDER (DKT NO. 40)  Page 6
Cause No. 2:17-C-01825 TSZ

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Phone: 206.436.8500

## CERTIFICATE OF SERVICE

I hereby certify on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

DATED:  July 22, 2019   /s/ *Kent M. Walker*

OPPOSITION TO ENFORCE THE COURT'S
PROTECTIVE ORDER (DKT. NO. 25) AND
MINUTE ORDER (DKT NO. 40)
Cause No.  2:17-C-01825 TSZ

Page 7

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
Phone:  206.436.8500