# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **MAXILL INC.,**<br>      *Plaintiff,*<br>vs.<br>**LOOPS, LLC, et al.,**<br>      *Defendants* | CASE NO.: 2:17-CV-01825-TSZ<br><br>**MAXILL'S OPPOSITION TO LOOPS' MOTION TO LEAVE TO FILE FIRST AMENDED COMPLAINT (COUNTERCLAIM)**<br><br><u>NOTE ON MOTION CALENDAR:</u><br><u>AUGUST 2, 2019</u> |
| **LOOPS, LLC, et al.**<br>      *Plaintiffs*<br>vs.<br>**MAXILL INC., et al.,**<br>      *Defendants.* | |

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

1

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................3

II.  RELEVENT FACTS ..........................................................................................3

III. ARGUMENT ......................................................................................................4

    A. LOOPS' MOTION TO AMEND COMPLAINT SHOULD BE DENIED BECAUSE IT INTRODUCES NEW MATTER TO THE PREJUDICE OF MAXILL ...................................................................................................5

        1. The '940 Patent Issued from a Continuation-in-Part Application and Includes New Claim Terms That Are Not Disclosed in the Patent-in-Suit, the Prosecution History of the Patent-in-Suit, the Application for the Patent-in-Suit, and the Court's Claim Construction Order ..............6

        2. The '940 Patent and the Patent-in-Suit Were Filed Over a Decade from Each Other and Claim Priority to a Different Set of Applications ..8

        3. Loops' Position During the Prosecution of the '940 Patent, Testimony of Mr. Kayser and Loops' Position Regarding Claim Construction of the Disputed Terms in the Patent-in-Suit are Inconsistent ....................9

    B. LOOPS DOES NOT STATE AN ACTIONABLE CLAIM IN THE PROPOSED AMENDMENT AND THEREFORE, THE PROPOSED AMENDMENT SHOULD BE DENIED AS FUTILE .......................................................11

    C. LOOPS' MOTION SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT WILL CAUSE DELAY THAT PREJUDICES MAXILL AND IMPOSES UNWARRANTED BURDENS ON THE COURT.................13

2

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

## I.     INTRODUCTION

Plaintiff/Counter-Defendant Maxill Inc. ("Maxill Ohio") and Defendant/Consolidated Defendant, Maxill Inc. (" Maxill Canada"), (collectively "Maxill"), by and through undersigned counsel, hereby submit this Opposition to Defendants/Counter-Plaintiffs and Consolidated Plaintiffs, Loops, LLC and Loops Flexbrush, LLC's (collectively "Loops") Motion for Leave to File First Amended Complaint (Counterclaim)[1] (the "Motion").  Maxill contends that Loops' proposed amendment to the complaint is yet another delay tactic, irrelevant to the core subject matter at hand.  Maxill will be prejudiced if Loops is granted its request to leave to amend the complaint.  Therefore, Maxill kindly requests the Court to deny Loop's motion to amend.

## II.     RELEVENT FACTS

This is an action of an alleged patent infringement, which was initiated by Loops in the District of Utah.  Loops and Maxill are competitors in the market for safe institutional toothbrush products and have a long history of litigation since as early as 2012. *Dkt. No.* 56, pp. 6-8. Maxill sells its toothbrush under the brand *Supermaxx* whereas Loops sells its toothbrush under the brand *Flexbrush*. *Id.* at 6.  Loops initiated a Canadian patent action against Maxill Canada on December 7, 2012 based on Loops' Canadian Patent No. 2,577,109 which settled through a Confidential Settlement Agreement, for which the Canadian Federal Court entered a consent judgement on April 14, 2014.  *Id*.  Then, on October 30, 2015, Loops filed another lawsuit against Maxill

---

[1] Loops appears to have mistakenly titled its motion as Motion for Leave to File First Amended Complaint (Counterclaim). The instant case is a consolidated case, wherein Maxill's pending case in this District, case no. 17-cv-01825, was consolidated with a related case between the parties transferred from the District of Utah, case no. 18-cv-1026, on July 30, 2018. *Dkt. No.* 17. The case in the District of Utah was initiated by Loops and Loops had already amended its complaint once before the case was transferred to this District. *Dkt. No*. 15 at 2. Separately, Loops counterclaimed against Maxill in this District before consolidation. *Dkt. No.* 10. Consequently, Loops' current motion is a Motion for Leave to File Second Amended Complaint and First Amended Answer and Counterclaim

3

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

Canada, this time, alleging that Maxill breached the Canadian Confidential Settlement Agreement, which to date is pending litigation in Canada. *Id.* at 7.

With no real progress in the breach of Confidential Settlement Agreement case in Ontario Canada, on September 7, 2017, Loops filed yet another lawsuit against Maxill in Utah based on Loops' U.S. Patent No. 8,448,285 ("the '285 patent" or "patent-in-suit"). *Id.* In response, on December 5, 2017, Maxill Ohio moved for a declaratory judgment of non-infringement and invalidity and unenforceability of the '285 Patent in this jurisdiction. *Id.* at 8. On July 30, 2018, pursuant to the parties' stipulation, the Utah action and the declaratory judgement were consolidated in this jurisdiction and became this instant case. *Dkt. No.* 17.

On July 9, 2019, less than a month from close of discovery in this case, August 1, 2019, Loops' moved the Court for leave to amend its pleading to include claims of infringement of 10,334,940 ("the '940 patent") by Maxill.

### III.   ARGUMENT

Pursuant to the Scheduling Order in this case, discovery is scheduled to end on August 1, 2019. *Dkt. No.* 23.  Deadline for filing dispositive motions is October 3, 2019, and the trial is set for January 27, 2020. *Id*. Given the parties' long litigious history, Maxill is eager to efficiently end this dispute.  However, now, Loops seeks to amend its complaint for the second time based on U.S. Patent No. 10,334,940 ("the '940 patent"), which was issued on July 2, 2019.[2]  While Federal Rule of Civil Procedure 15, which governs amendment of pleadings prescribes a liberal standard, the court need not grant a leave to amend when the proposed amendment prejudices the opposing party, is sought in bad faith, produces an undue delay in

---

[2] See *Dkt. No.* 72-1, Declaration of Kent M. Walker in Support of Motion for Leave to File First Amended Complaint, ¶3 and Exhibit 1 thereto at Exhibit C.

4

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

litigation or is futile. Fed. R. Civ. P. 15(a)(2); *Amerisourcebergen Corp. v. Dailysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Based on the parties' long history of prolonged litigations across multiple jurisdictions starting from 2012 in Canada, Maxill has been more than indulgent with Loops' claims, which Maxill asserts are made in bad faith, including Loops' most recent attempt to stay the instant case pending resolution of the Canadian breach of contract litigation. *Dkt. No.* 56, §§ I. A through D; *dkt. no.* 70.  Indeed, Maxill will be prejudiced if Loops is granted a leave to amend its complaint / counterclaim because adding the '940 patent will expand the scope of the litigation and delay the resolution of this matter.  Additionally, Loops' proposed amendment adding allegations of infringement of the '940 Patent is futile and is subject to dismissal.

Courts ordinarily consider five factors when determining whether to grant leave to amend under Rule 15: (1) prejudice to the non-moving party, (2) undue delay, (3), bad faith, (4) futility of amendment, and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990). This case, at the very least, involves factors 1, 2 and 4.

### A.  Loops' Motion to Amend Complaint Should be Denied Because It Introduces New Matter to the Prejudice of Maxill

"Prejudice, in the context of a motion to amend, means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, Case No. 14-0719JLR, at *12-13 (W.D. Wash. Aug. 4, 2015) (internal quotes omitted). The prejudice inquiry carries the "greatest weight" among the five factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 1053 (9th Cir. 2003).  In determining whether prejudice would result, a court can consider potential delay, unfair surprise, or the introduction of remote issues. *Kirkham v. Smith, 106 Wn.App.* 177, 181

5

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

(2001) (citing *Herron v. Tribune Pub. Co.*, 108 Wn.2d 162, 165-66 (1987)).  The Ninth Circuit has upheld denials of leave to amend as prejudicial where a motion to amend was made <u>after the close of discovery</u> because it would have required reopening discovery, thereby delaying proceedings. *Solomon v. North American Life Casual Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (emphasis added).  The discovery in this case will close on August 1, 2019, before briefing on this motion is complete.[3]

Loops claims that Maxill will not suffer any undue prejudice as a result of the proposed amendment; however, Loops itself says that the amendment can cause up to <u>12 months</u> delay to the current schedule. *Dkt. No.* 72, p. 5. Given the case posture and the maximum amount of damages contemplated in this matter, 12 months delay is extremely prejudicial to Maxill with accruing litigation costs and uncertainty regarding the issue of non-infringement and invalidity.

A motion to amend is only allowed if the new claims "require[ ] essentially the same proof as the previously alleged claims." *Karlberg v. Otten*, 167 Wn. App. 522, 529-30 (2012); see also *Herron v. Tribune Pub. Co.*, 108 Wn.2d 162, 166-67 (1987). This is not the case here.

> 1. <u>The '940 Patent Issued from a Continuation-in-Part Application and Includes New Claim Terms That Are Not Disclosed in the Patent-in-Suit, the Prosecution History of the Patent-in-Suit, the Application for the Patent-in-Suit, and the Court's Claim Construction Order</u>

A continuation-in-part[4] ("CIP") application, by definition, adds matter not previously disclosed. *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1436-37 (Fed. Cir. 1984). Because a CIP application necessarily contains new matter, Loops' decision to file a CIP application, U.S.

---

[3] The instant motion is noted on the Court's calendar for August 2, 2019.
[4] *Manual of Patent Examining Procedure ("MPEP") 201.08*. "A continuation-in-part application is an application filed during the lifetime of an earlier nonprovisional application, repeating some substantial portion or all of the earlier nonprovisional application and *adding* matter not disclosed in the earlier nonprovisional application."

6

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

Application No. 15/854,097 ("the '097 Application") in response to a final rejection for the now abandoned U.S. Application No. 14/099,637 ("the '637 Application") under Section 112—rather than to appeal or file a continuation application—constitutes an implicit admission that there is new matter in the parent application, the '097 Application, filed on December 26, 2017. See *infra Declaration of Boyoon Choi*, Exhibit A; see also *Id.* at 1438; *Pennwalt Corp. v. Akzona Inc.*, 740 F.2d 1573 (Fed. Cir. 1984).

The Claim 1 of the '940 Patent is directed to

> *A toothbrush having a composite head, the composite head comprising:*
>
> *a rigid polymer **inner core** having a plurality of bristle holes for retention and holding a plurality of toothbrush bristles, the rigid inner core made from a 1st material;*
>
> *a **pliable** flexible material completely surrounding the rigid inner core on a left and a right side in **bottom plan view underside aspect**, the pliable flexible material being made from a 2nd material; and*
>
> *a **bond at an interface** between the rigid inner core and the pliable flexible material surrounding the rigid polymer inner core, wherein further the rigid polymer inner core is molded to the pliable flexible material thereby forming the **composite head** having the bond.*

*Dkt. No.* 72-2, p. 5, Col. 5, Lines 15-28. (Emphasis added.)

Claim 1 of the '940 Patent includes, at least, the following new terms and phrases that do not appear in the seven-year long prosecution history of the patent-in-suit: ***inner core, pliable, bottom plan view underside aspect, bond at an interface,*** and ***composite head***. Most of these terms, if not all, would require the Court's involvement for construing their plain and ordinary meaning. Parties have already engaged in claim-construction proceedings, including extensive expert reports on claim-construction, concluding with the Court's claim-construction Order. *Dkt. Nos.* 26, 28, 29, 30, 38 and 71. Parties have also exchanged expert witness reports under Fed. R.

7

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

Civ. Pro. 26(a)(2) in view of the Court's claim-construction Order, which also, do not discuss or even mention the new claim terms or phrases and the scope of the new claims. *Dkt. No.* 61.

As such, contrary to Loops' assertions, if Loops' request to amend is granted, parties will invariably have to engage in additional discovery relevant to the claims of the '940 Patent because of the new matter introduced during each continuation-in-part application that it claims priority to, necessitating a new set of infringement / non-infringement contentions, invalidity contentions, expert reports for claim-construction of new terms, claim-construction proceedings and expert witness reports in view of a new claim-construction order. All of this would significantly delay this case adding to the already accruing costs in this case of minimal damages. *Dkt. No.* 23.

        2.    <u>The '940 Patent and the Patent-in-Suit Were Filed Over a Decade from Each Other and Claim Priority to a Different Set of Applications</u>

The application for the patent-in-suit, U.S. Application No. 11/563,671 ("the '671 Application") is a CIP application of U.S. Application No. 10/920,822 ("the '822 Application"), both of which are allegedly directed to a toothbrush comprising an elongated body wherein the body is composed of flexible material. *Dkt. No*. 31-2, Abstract; *Dkt. No.* 72-2, Col. 1, Lines 6-8. On the other hand, the '940 Patent issued from the '097 Application, which is a CIP application of the '637 Application, entitled METHOD FOR MAKING SAFETY TOOTHBRUSHES now abandoned; which in turn is a CIP application of U.S. Application No. 11/653,153 ("the '153 Application") entitled, PACKAGED TOOTHBRUSH AND TOOTHBRUSH CONTAINER AND METHODS OF MAKING SAME, now U.S. Pat. No. 9,066,583; which is further a CIP application of, and claims benefit of, the priority date of the '671 Application, now the patent-in-suit. Although related, the two patents (the patent-in-suit and the '940 Patent) have different

8

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

**Choi Capital Law PLLC**
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

lineage, particularly with respect to the intervening '153 Application directed to a "toothbrush container." The patent-in-suit has nothing to do with a toothbrush container.

Additionally, unlike the patent-in-suit, which issued from one CIP application, the '940 Patent issued from a series of CIP applications, three to be precise, adding to the already complex, yet important, issue of determining addition of new matter to the '940 Patent and its assertion of priority. Each claim of the '940 Patent may have a different priority date depending on the matter disclosed in the earlier applications. This is a particularly relevant issue for Maxill and would require a new line of investigation and additional discovery because the application for the '940 Patent was filed on December 26, 2017, **eleven years** **after the application for the patent-in-suit** was filed on November 27, 2006. As such, any new matter in the '097 Application, which resulted in the '940 Patent added after November 27, 2006 will not get the benefit of the earlier filed the '671 Application and will be open to invalidity challenges from intervening prior art spanning over a decade.

> 3. *Loops' Position During the Prosecution of the '940 Patent, Testimony of Mr. Kayser and Loops' Position Regarding Claim Construction of the Disputed Terms in the Patent-in-Suit are Inconsistent*

Loops' filed a terminal disclaimer during prosecution of the '940 Patent to over-come a non-statutory Double-Patenting rejection as being unpatentable over claims 1 through 17 of the patent-in-suit. *Dkt. No.* 75-1, pp. 2, 12, 13, 16, 17 and 19. "A non-statutory double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claims is either anticipated by, or would have been obvious over, the reference claim(s)." *Id.,* p. 12. As such, Loops' conceded that the at least one claim of the '940 Patent is an obvious variant of claim(s) of the patent-in-suit to get the '940 Patent issued. The prosecution

9

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

of the '940 Patent unequivocally notes that the claims of '940 Patent are directed to a toothbrush wherein **body** is made of exactly the same materials as those claimed in Claim 5 of the patent-in-suit comprising the head of the toothbrush. *Dkt. No.* 74, p. 7. These are two contrary positions.

On July 26, 2019, Maxill continued its pending Rule 30(b)(6) deposition of Loops and took personal deposition of Mr. Steven Kayser pursuant to the Court's Order entered July 9, 2019, compelling the said depositions. *Dkt. No.* 70, p. 2. Mr. Steven Kayser testified on behalf of Loops, as the President of Loops.[5] During the two depositions, Mr. Kayser testified that he filed the application for the '940 patent in December of 2017 after the commencement of this litigation because Maxill was "confused" regarding the scope of the claims of the patent-in-suit and he wanted to "clarify" this in the new patent. *Declaration of Boyoon Choi*, ¶ 5. Mr. Kayser also testified that it was most likely that he intended to amend the compliant for the instant lawsuit, when he applied for the '940 Patent. *Id.* The purposes of Fed. R. Civ. P. 15(a) are to "facilitate a proper decision on the merits and to provide each party with adequate notice of the basis of the claims or defenses asserted against him," but not an opportunity for one party to abuse this rule to prejudice of the other. *Korwell v. Belbayev*, 138 Wn. App. 1062, (Wash. Ct. App. 2007). Notably, Mr. Kayser's testimony that the '940 Patent was filed for the purposes of the instant litigation shows Loops' bad faith in asserting that Patent now.

---

[5] Provided that Maxill's instant opposition to Loops' motion to amend is being filed on July 29, 2019, Monday, and the depositions of Loops and Mr. Steven Kayser were conducted on July 26, 2019, Friday, Maxill has not been able to procure and submit the transcript record of Loops' and Mr. Kayser's testimony. However, upon Court's request, Maxill would supplement this opposition and provide the Court with transcripts for the Court's review. Meanwhile, Ms. Boyoon Choi, Maxill's counsel who took Loops' and Mr. Kayser's deposition on July 26, 2019 testify to the accuracy and authenticity of the

10

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

**Choi Capital Law PLLC**
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

Given that Mr. Kayser's testimony, Loops' position during prosecution of the '940 Patent (see *dkt. no.* 74, pp. 6-7) and Loops' position during claim-construction in the instant case (see *dkt. no.* 28-3, ¶¶ 25-27) are not consistent and appear contrary to each other, addition of the '940 Patent to the instant case raises issues that would require new proof even to determine previously raised claims.

**B.     Loops Does Not State an Actionable Claim in the Proposed Amendment And Therefore, the Proposed Amendment Should Be Denied as Futile**

Leave to amend is properly denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (internal cites omitted). Futility is found when amendments could not survive dismissal. *Forsyth v. Humana, Inc.*, 114 F.3d 1476, 1482 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999). Futility also "includes inevitability of a claim's defeat on summary judgement." *California ex rel. California Dep't of Toxic Substances Controcl v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987); see also *Roth v. Garcia Marquez*, 942 F.2d 617, 628-29 (9th Cir. 1991). "A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Mahone v. Pierce Cnty.*, No. C10-5847 RBL/KLS, 2011 WL 2009740, at *2 (W.D. Wash. May 23, 2011) (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir. 1991)). Here, given that the '940 Patent includes new matter and cannot claim priority to grand-parent and great-grand-parent applications as it purports to do, it is beyond that that all claims of the '940 Patent are invalid.

As established above, the '940 Patent results from a CIP application, the '097 Application, of the now abandoned '637 Application, which is also a CIP application. Both these applications were filed <u>after</u> the effective date of America Invents Act ("AIA"), March 16, 2013

11

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

and, hence, are governed by the first inventor-to-file provisions of the AIA. AIA §§ 3(n)(1), 6(f)(2)(A). However, the '637 Application takes priority to the '153 Application which was filed before the effective date of AIA. As such, the parent application of the '940 Patent, the '097 Application is a transition application. The USPTO defines a transition application as an application that claims priority to an application filed before March 16, 2013, but also contains, or contained at any time, at least one claim that has an effective filing date after March 15, 2013. MPEP 2159.04; see also AIA §§ 3(n)(1), 6(f)(2)(A); *Schul International Company LLC v. EMSEAL Joint Systems Ltd.*, Case PGR2017-00053, Paper No. 10 (PTAB April 9, 2018). For prior art purposes, transition applications are examined solely through the lenses of post-AIA §§ 102(a)(1), (a)(2), and 103, as well as pre-AIA § 102(g). Which means, if one claim in the '097 Application includes new subject matter introduced in the '097 Application or the '637 Application, the entire '097 Application will be subject to post-AIA treatment.

The '940 Patent claims subject matter which first appeared in the '097 Application or the '637 Application. For instance, a "composite head" was disclosed in the '637 Application for the first time. Similarly, **inner core, pliable, bottom plan view underside aspect,** and **bond at an interface** all constitute new matter that was added <u>after</u> March 15, 2013. Hence, even if the Court were to find disclosure of the subject matter claimed in the '940 Patent in the '637 Application, the effective filing date of the '940 Patent, at the very earliest, is December 6, 2013. In view of this date, at a minimum, Loop's own prior patents and publications – US 2007/026931 (the '671 Application), published on October 4, 2007; US 2006/0037160 (the '822 Application), published on February 23, 2006; US 2007/0119736 (the '153 Application), published on May 31, 2007; U.S. Patent No. 7,334, 286, issued on February 26, 2008; U.S. Design Patent No. 601,805 S, issued on October 13, 2009; and the patent-in-suit, issued on May 28, 2013 all constitute

12

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

Choi Capital Law PLLC
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

invalidating prior art. *Santarus, Inc. v. Par Pharm., Inc.*, 694 F.3d 1344 (Fed. Cir. 2012) (Finding that "[d]ue to breaks in the chain of priority," the "[parent] patent [was] prior art for some of the asserted claims.") Further, Loops claims that it has been selling its toothbrush, which is covered by the '940 Patent, since, at least, as early as April 2006, further invalidating the '940 Patent. *Dkt. No.* 47-1

Since Loops cannot assert claimable damages base on an invalid patent and conclusory statements of fact will not suffice to show any claimable damages, Maxill requests the Court to deny Loops' motion to amend. *Grimwood v. Univ. of Puget Sound, Inc.,* 110 Wn.2d 355, 359, 753 P.2d 517 (1988), see also Fed. R. Civ. P. 56.

### C. Loops' Motion Should be Denied Because the Proposed Amendment Will Cause Delay that Prejudices Maxill and Imposes Unwarranted Burdens on the Court

Loops' assertion of infringement of '940 Patent constitutes "undue delay" as it prejudices the nonmoving party, Maxill, and imposes unwarranted burdens on the Court. *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, CASE NO. C14-0719JLR, at *10 (W.D. Wash. Aug. 4, 2015) (internal cite omitted). Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

Maxill agrees that the '940 Patent was issued on July 2, 2019 and Loops' counsel informed Maxill of their intent to amend the complaint on July 9, 2019. *Dkt. No.* 72-1, ¶ 2. Even if the Court were to find this factor favoring amendment, the Court must note that the United States Patent and Trademark Office ("USPTO") issued its Notice of Allowance and Issue Notification on May 6, 2019 and June 12, 2019, respectively. *Declaration of Boyoon Choi*,

13

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

**Choi Capital Law PLLC**
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

Exhibit B. Yet, Loops decided at the eve of the close of discovery to assert the new patent, the same day the Court denied Loops' other attempt to delay and stay this case by denying Loops' Counter Motion for Protective Order and Stay on July 9, 2019. *Dkt. No.* 50. Additionally, the other two factors relevant to a finding of undue delay – whether discovery has closed and proximity to the trial date – strongly weigh against an amendment to Loops' complaint. Discovery closes on August 1, 2019 and the trial is set for January 27, 2019. Further, the dispositive motions must be filed by October 3, 2019.

## IV. CONCLUSION

Based on the foregoing, Maxill respectfully requests that the Court deny Loops' Motion to Leave to File First Amended Complaint (Counterclaim).

DATED 29th day of July 2019.

/s/ *Mudit Kakar*

Mudit Kakar, Ph.D. Esq.
Boyoon Choi, MBA, Esq.

**Choi Capital Law PLLC**
2101 Fourth Ave. Suite 1570
Seattle WA 98121
P: 206-588-0463
F: 206-971-1650
m.kakar@ccl.law
b.choi@ccl.law

*Attorneys for Maxill, Inc. and Maxill, Inc.*

14

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

**Choi Capital Law PLLC**
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 29 of July 2019.

*/s/ Mudit Kakar*
Mudit Kakar

15

Maxill's Opposition to Loops' Motion to Leave to File
First amended Complaint (Counterclaim)
Case No. 2:17-cv-01825-TSZ

**Choi Capital Law PLLC**
2101 Fourth Ave. Suite 1570
Seattle, WA 98121
Phone: 206-588-0463