|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| MAXILL INC., an Ohio corporation,<br><br>    Plaintiff,<br><br> v.<br><br>LOOPS, LLC; and LOOPS FLEXBRUSH, LLC,<br><br>    Defendants. | C17-1825 TSZ<br>(consolidated with C18-1026 TSZ) |
| LOOPS, L.L.C.; and LOOPS FLEXBRUSH, L.L.C.,<br><br>    Plaintiffs,<br><br> v.<br><br>MAXILL INC., a Canadian corporation,<br><br>    Defendant. | ORDER |

THIS MATTER comes before the Court on a motion for partial summary judgment, docket no. 81, brought by Loops, L.L.C. and Loops Flexbrush, L.L.C. (collectively, "Loops") on liability for patent infringement, and the request of Maxill Inc., an Ohio corporation, and Maxill Inc., a Canadian corporation, (collectively, "Maxill") that the Court grant a summary judgment of non-infringement, *see* Opposition at 3

ORDER - 1

(docket nos. 101 & 102).[1]  Having reviewed all papers and materials[2] presented in support of, and in opposition to, the cross-motions, the Court enters this Order.

**Background**

The procedural history of this case is somewhat complicated.  In July 2017, Loops initiated suit in the District of Utah against Bob Barker Company, Inc. ("Bob Barker") and ten (10) Doe defendants, alleging infringement of United States Patent No. 8,448,285 (the "'285 Patent").  *See* Compl. (docket no. 2 in C18-1026 TSZ).  In September 2017, Loops joined Maxill Inc., a Canadian corporation, ("Maxill-Canada") as a defendant in the Utah action.  *See* Am. Compl. (docket no. 7 in C18-1026 TSZ).  As a result of a settlement, the claims against Bob Barker were dismissed with prejudice.  *See* Jt. Mot. (docket no. 69 in C18-1026 TSZ); Order (docket no. 70 in C18-1026 TSZ).  The case was then transferred from Utah to this district.  *See* Order (docket no. 72 in C18-1026 TSZ).

Meanwhile, in December 2017, Maxill Inc., an Ohio corporation, ("Maxill-Ohio") commenced this litigation, seeking a declaratory judgment that the '285 Patent is invalid and/or unenforceable and/or that Maxill-Ohio's products do not infringe the '285 Patent.  Compl. (docket no. 1).  In February 2018, Loops answered and asserted a counterclaim of

---

[1] The Court treats Maxill's "request" as a cross-motion; however, even if the request, which was not noted as a motion in accordance with Local Civil Rule 7(d), is not properly before the Court, summary judgment against Loops may be entered.  *See* Fed. R. Civ. P. 56(f); *see also* *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (when "the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party").

[2] By Minute Order entered November 12, 2019, docket no. 121, the Court directed the parties to submit samples of the accused device and the patent holder's preferred embodiment.  The parties timely complied.

ORDER - 2

patent infringement. Answer & Counterclaim (docket no. 10). In March 2018, this matter was stayed pending resolution of motions brought by Bob Barker and Maxill-Canada, which were then pending in the District of Utah. Minute Order (docket no. 14).

After the Utah case was transferred to this district, the two lawsuits were consolidated into this lower-numbered case, which had been initiated by Maxill-Ohio. *See* Minute Order at ¶ 1 (docket no. 17). On July 11, 2019, within hours after the Court issued its Claim Construction Order, docket no. 71, Loops sought leave to amend to assert claims related to United States Patent No. 10,334,940. *See* Mot. (docket no. 72). The motion was denied. Minute Order at ¶ 2 (docket no. 80). The claims relating to the '285 Patent brought by Loops against Does 1-10 having been dismissed, *see* Minute Order at ¶ 1 (docket no. 61), the claims and counterclaims remaining in this action are as follows:

| Claim (C) or Counterclaim (XC) | Asserted By | Asserted Against |
|---|---|---|
| C1: Declaratory Judgment of Invalidity of '285 Patent | Maxill-Ohio | Loops |
| C2: Declaratory Judgment of Non-Infringement of '285 Patent | Maxill-Ohio | Loops |
| C3: Declaratory Judgment of Patent Misuse and Unenforceability | Maxill-Ohio | Loops |
| C: Infringement of '285 Patent | Loops | Maxill-Canada[3] |
| XC: Infringement of '285 Patent | Loops | Maxill-Ohio |

---

[3] Maxill-Canada has asserted non-infringement, invalidity, estoppel, limitation on damages, double recovery, inequitable conduct, and patent misuse as affirmative defenses, but has not pleaded any counterclaim for declaratory judgment. *See* Answer (docket no. 22). Thus, Maxill-Canada is not entitled to the same relief as Maxill-Ohio. *See infra* Conclusion at ¶ 2.

ORDER - 3

## A. The Issues Before the Court

The cross-motions addressed in this Order concern only whether the accused device infringes the '285 Patent. Loops and Maxill are competitors in the business of supplying to prisons and other institutions toothbrushes that "may be safely used by . . . inmates." *See* '285 Patent at Col. 1, Lines 15-16, Ex. A to Kayser Decl. (docket no. 81-2). Loops manufactures a product known as the Flexbrush® and Maxill markets the Supermaxx™ line of supplies for correctional facilities. Compl. at ¶¶ 10-11 (docket no. 1). In seeking partial summary judgment, Loops contends that the Court may rule, as a matter of law, that Maxill's Supermaxx toothbrush infringes the '285 Patent. In contrast, Maxill argues that either (i) the Court may grant summary judgment in favor of Maxill because Loops cannot, as a matter of law, prove infringement, or (ii) factual questions preclude the Court from granting partial summary judgment in favor of Loops.

## B. The '285 Patent

Loops, LLC is the assignee of the '285 Patent, which discloses a toothbrush and methods of making it. '285 Patent at Col. 1, Lines 13-17. The '285 Patent depicts an embodiment of the invention as follows:




*Id.* at Figs. 1-7 (docket no. 81-2 at 4). Another embodiment of the invention in the '285 Patent is illustrated as follows:



*Id.* at Figs. 8-9 (docket no. 81-2 at 5).

The '285 Patent has 20 claims, three of which are independent, namely Claims 1, 11, and 18.[4] Claims 1 and 11 describe a "toothbrush" **10** having "an elongated body" **12** with "a head portion" **14** and "a handle portion" **16**, as well as other limitations. *See id.* at Col. 7, Lines 64-67; Col. 8, Lines 49-52. Claims 1 and 11 also state that the elongated body **102** is made from "a first material," while the "head" **104** is composed of "a second material." *Id.* at Col. 7, Line 65 - Col. 8, Line 1; Col. 8, Lines 50-53.

C. **The Infringement Contentions**

Loops contends that Maxill's Supermaxx toothbrush infringes Claims 1 and 11, as well as the following claims: Claims 2, 3, 5, 6, and 9, which depend from Claim 1, and Claims 12, 13, 15, and 16, which depend from Claim 11. *See* Mot. at 9-24 (docket no. 81). Maxill argues that its accused device does not contain all of the elements set

---

[4] Loops does not allege that Maxill's device infringes Claim 18 or the two claims (Claims 19 and 20) that depend from Claim 18. *See* Ex. B to Answer and Counterclaim (docket no. 10-2).

ORDER - 5

1  forth in Claims 1 and 11 and, therefore, does not infringe either the independent claims or

2  the claims that depend from them. Maxill asserts different reasons why the Supermaxx

3  toothbrush does not infringe dependent Claims 5 and 13,[5] but the Court need not address

4  those contentions because it agrees with Maxill that the accused device is missing one of

5  the limitations outlined in Claims 1 and 11.

6  **Discussion**

7  **A.     Applicable Standards**

8      Summary judgment is appropriate if no genuine dispute of material fact exists and

9  the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

10 Although infringement, whether literal or pursuant to the doctrine of equivalents, is a

11 question of fact, the Court may decide the issue as a matter of law if "no reasonable jury

12 could find that every limitation recited in the properly construed claim either is or is not

13 found in the accused device." <u>EMD Millipore Corp. v. AllPure Techs., Inc.</u>, 768 F.3d

14 1196, 1200-01 (Fed. Cir. 2014) (quoting <u>Innovention Toys, LLC v. MGA Entm't, Inc.</u>, 637

15 F.3d 1314, 1319 (Fed. Cir. 2011), and <u>Bai v. L & L Wings, Inc.</u>, 160 F.3d 1350, 1353

16 (Fed. Cir. 1998)). When both sides move for summary judgment, the Court must

17 evaluate each motion on its own merits, resolving all reasonable inferences against the

---

[5] Claim 5 dictates that the "second material" (for the "head") be selected from among the enumerated substances, which include "polypropylene and copolymers." '285 Patent at Col. 8, Lines 17-29. Claim 13 specifies that the "second material" have "a durometer hardness of between about 75 and about 95 on the Shore A scale." <u>Id.</u> at Col. 8, Lines 65-67. Maxill argues that the head of the Supermaxx toothbrush is not composed of polypropylene or copolymers or of a substance having a durometer hardness in the range indicated.

party whose motion is being considered. *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1322 (Fed. Cir. 2001).

A patent holder bears the burden of proving infringement by a preponderance of the evidence. *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2004). To establish literal infringement, the patent holder must demonstrate that each and every limitation in the asserted patent claim "reads on" the accused device "exactly." *DeMarini Sports*, 239 F.3d at 1331. Infringement may be found under the doctrine of equivalents when "an accused device performs substantially the same overall function or work, in substantially the same way, to obtain substantially the same overall result as the claimed invention." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 934 (Fed. Cir. 1987), *overruled in part on other grounds by Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993) (holding that the Federal Circuit's affirmance of a non-infringement ruling was not a per se ground for vacating a declaratory judgment of invalidity).

In applying the doctrine of equivalents, the Court must still start with the claim language, and it may not "erase a plethora of meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement." *Id.* at 935 (quoting *Perkin-Elmer Corp. v. Westinghouse Elec. Corp.*, 822 F.2d 1528, 1532 (Fed. Cir. 1987)). The doctrine of equivalents is designed to relieve an inventor from a "semantic strait jacket" when equity requires; it is not intended to permit redrafting of a patent claim or to expand a patent claim to encompass more than an insubstantial change. *Perkin-Elmer*, 822 F.2d at 1532.

B.  **No Infringement**

Both Claim 1 and Claim 11 require that the "elongated body" **12** be "flexible throughout." See '285 Patent at Col. 7, Line 65; Col. 8, Line 50. The parties dispute whether Maxill's Supermaxx toothbrush has the requisite elongated body that is "flexible throughout," but they agree that the Court may decide the issue as a matter of law. In the Claim Construction Order entered in July 2019, the Court observed that the term "flexible throughout" contains "easily understood, everyday or commonplace words" that need no further interpretation. See Order at 9-10 (docket no. 71). "Flexible" connotes "capable of being flexed **:** capable of being turned, bowed, or twisted without breaking **:** PLIABLE," while "throughout" means "from one end to the other." See Webster's Third New Int'l Dictionary 869 & 2385 (1981).

In support of its assertion that the "flexible throughout" limitation is met, Loops offers the opinion of Fred P. Smith, P.E., which relies on the following photographs:



Smith Report at 16 & 17, Ex. G to Walker Decl. (docket no. 81-9). In his report, Smith states that Maxill's product "has an elongated body (orange) [that is] flexible throughout (*all of the orange material is the same flexible material*)," that the "first material

ORDER - 8

(orange) . . . is less rigid than the second material (white)," and that "there is significantly less bending in the head portion containing the head than there is in the handle portion." *Id.* at 16 & 18 (emphasis added).

Maxill counters that the elongated body of the Supermaxx toothbrush is not flexible "from one end to other," but rather, as evidenced by the photographs on the previous page and below, the elongated body is flexible along only 3 of its 4¼ inches (or roughly 71% of its length).



*Id.* at 20.



Ex. J to Walker Decl. (docket no. 106-2) (depicting the accused product being twisted).

Having examined the sample of the accused device submitted by the parties, the Court concludes, as argued by Maxill, that the elongated body of the Supermaxx product does not satisfy the "flexible throughout" element of Claims 1 and 11, either literally or

ORDER - 9

pursuant to the doctrine of equivalents. According to the claim language, the "elongated body" includes both the head portion and the handle portion of the device. The head portion of the elongated body does not bend, flex, turn, bow, or twist. Instead, the head portion of the elongated body is rigid, having imbedded into it the bristle-containing head, which impedes the flexibility of the surrounding or encasing (orange) material. Thus, the elongated body of Maxill's toothbrush is "flexible" only within the handle portion, and not "from one end to the other" or "throughout."

In asserting that the elongated body of the Supermaxx toothbrush is "flexible throughout," the expert retained by Loops, Fred Smith, explains that "all of the orange material is the same flexible material." Smith Report at 16 (docket no. 81-9). Smith does not opine or provide evidence that the accused device flexes along or within the head portion, as well as the handle portion, of the elongated body. Rather, Smith misconstrues Claims 1 and 11 to require merely that the orange substance (or "first material") be flexible. Smith's reasoning ignores both the noun being defined in the claims ("elongated body," as opposed to "first material") and the adverb ("throughout") that modifies the relevant adjective ("flexible"). *See* '285 Patent at Col. 7, Line 65 & Col. 8, Line 50. This type of rewriting of the claim language is not permitted in connection with infringement analysis.

In reply to Maxill's cross-motion, Loops points to Smith's statement about the head portion of the elongated body showing "significantly less bending" than the handle portion of the elongated body. *See* Smith Report at 18 (docket no. 81-9). Reliance on this portion of Smith's report is misplaced for two reasons. First, Smith's observation

was made in connection with an entirely different limitation of Claim 1, namely the requirement that the "first material" (for the elongated body) be "less rigid" than the "second material" (for the head).  *See id.* at 17-18; *see also* '285 Patent at Col. 8, Lines 6-7.  Second, in comparing the rigidity of the handle and head portions of the elongated body, for purposes of contrasting the first and second materials, respectively, Smith says nothing about the flexibility of the head portion itself.  Smith's assessment that the head portion shows "significantly less bending" than the handle portion is meaningless; he could be describing something completely stiff or extremely pliable.

Loops has offered no evidence to support any assertion that the head portion of the elongated body actually bends or twists, *i.e.*, is "flexible."  Moreover, Loops articulates no basis for concluding that the term "throughout" does not include the inflexible 1¼-inch portion of the 4¼-inch elongated body of the accused device.  On this record, taken as a whole, Loops cannot carry its burden of proving at trial that the Supermaxx toothbrush infringes the '285 Patent, and thus, summary judgment in favor of Maxill is warranted.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The motion for partial summary judgment, docket no. 81, brought by Loops is DENIED, and the cross-motion for summary judgment, docket nos. 101 & 102, brought by Maxill is GRANTED.  The Court concludes, as a matter of law, that Maxill's Supermaxx toothbrush does not infringe Claim 1 or Claim 11 of the '285 Patent, or any

1 of the claims that depend from Claims 1 and 11, because the elongated body of the

2 accused device is not "flexible throughout." In light of this ruling, the Court need not

3 separately analyze whether the accused device infringes dependent Claims 5 and 13.

4   (2) The infringement claim and counterclaim asserted by Loops against Maxill-

5 Canada and Maxill-Ohio, respectively, are DISMISSED with prejudice. Maxill-Ohio is

6 entitled to a declaratory judgment of non-infringement as requested in its second claim in

7 this matter. *See supra* note 3.

8   (3) Maxill's pending motions (i) for partial summary judgment on invalidity

9 and unenforceability, docket no. 84, and (ii) to strike, docket no. 88, Fred P. Smith's

10 rebuttal report dated August 16, 2019, docket no. 89, are STRICKEN as moot.

11   (4) Maxill-Ohio's first and third claims seeking declaratory judgment regarding

12 invalidity and unenforceability are STRICKEN without prejudice as moot. *See Nystrom*

13 *v. TREX Co.*, 339 F.3d 1347, 1351 n.* (Fed. Cir. 2003) (observing that "a district court

14 has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it

15 finds no infringement" (citing *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459,

16 1468 (Fed. Cir. 1998) (citing *Nestier Corp. v. Menasha Corp.-Lewisystems Div.*, 739 F.2d

17 1576, 1580-81 (Fed. Cir. 1984) (citing *Leesona Corp. v. United States*, 530 F.2d 896, 906

18 n.9 (Ct. Cl. 1976) (when "non-infringement is clear and invalidity is not plainly evident,"

19 treating only the infringement issue is appropriate))))).

20   (5) The Clerk is DIRECTED to enter judgment consistent with this Order, to

21 send a copy of this Order and the Judgment to all counsel of record, and to CLOSE this

22 case.

23

IT IS SO ORDERED.

Dated this 26th day of November, 2019.

                                                                            Thomas S. Zilly
                                                                            United States District Judge