UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXILL INC., an Ohio corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LOOPS, LLC; and LOOPS FLEXBRUSH, LLC,<br><br>　　　　　　Defendants. | C17-1825 TSZ<br>(consolidated with C18-1026 TSZ) |
| LOOPS, L.L.C.; and LOOPS FLEXBRUSH, L.L.C.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MAXILL INC., a Canadian corporation,<br><br>　　　　　　Defendant. | MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for reconsideration, docket no. 126, brought by Loops, L.L.C. and Loops Flexbrush L.L.C. (collectively "Loops"), is DENIED.[1] Loops contends that the expert opinions and supporting photographs set forth in and/or attached to its motion for reconsideration are "not necessarily new." <u>See</u> Loops' Supp. Br. at 1:8 (docket no. 141). If true, then Loops is merely rehashing the arguments on which it did not previously prevail, and such repetition is not a basis for reconsideration. On the other hand, if the expert opinions and supporting photographs at issue constitute "new facts" within the meaning of Local Civil Rule 7(h)(1), Loops has not made the requisite showing that it could not have brought this evidence to the Court's attention earlier with "reasonable diligence." Loops expresses surprise that the Court sua sponte granted

---

[1] Although this matter is on appeal to the United States Court of Appeals for the Federal Circuit, the Court has jurisdiction to deny the motion for reconsideration. <u>See</u> Fed. R. Civ. P. 62.1(a)(2).

MINUTE ORDER - 1

summary judgment in favor of the opposing parties, but Loops was on notice, when it filed its reply in support of its motion for summary judgment, and perhaps before then, that one of the challenges to its infringement claim was its inability to prove that the "elongated body" of the accused device is "flexible throughout," as required by both Claim 1 and Claim 11 of United States Patent No. 8,488,285. Loops now says that it "assumed" it would have an opportunity to perform "flexing, bending and twisting demonstrations" for the trier of fact, <u>see</u> Loops' Supp. Br. at 5 (docket no. 141), but it took the position in dispositive motion practice that the issue of whether the "elongated body" was "flexible throughout" could be decided as a matter of law, <u>see</u> Order at 8 (docket no. 123). Loops' new expert opinions and photographs also fail to establish any "manifest error" in the Court's prior Order. <u>See</u> Local Civil Rule 7(h)(1). At most, Loops has demonstrated that the "head" of the allegedly infringing toothbrush deforms when subjected to the level of force exerted by pliers. Loops has offered no evidence that, after being manipulated with pliers, the "head" of the accused device rebounded to its previous shape or exhibited the characteristics of an item considered "flexible."

(2) The motion for attorney's fees, docket no. 128, brought by Maxill Inc., an Ohio corporation, and Maxill Inc., a Canadian corporation, (collectively "Maxill"), is also DENIED. Without stating "the amount sought" or "a fair estimate" of its attorney's fees, <u>see</u> Fed. R. Civ. P. 54(d)(2)(B)(iii),[2] Maxill seeks a ruling that this case is "exceptional"

---

[2] Maxill's failure to comply with Rule 54(d)(2)(B)(iii) does not appear to be inadvertent, but rather a strategic decision to avoid sorting through billing records while its entitlement to attorney's fees remained uncertain. The Federal Circuit, however, has made clear that, in the context of 35 U.S.C. § 285, exceptionality is not a separate decision or sanction, but rather must be evaluated only in the process of ruling on a request for attorney's fees. <u>See</u> <u>Altair Logix LLC v. Caterpillar Inc.</u>, 2019 WL 3219485 at *3 (D. Del. July 17, 2019) (citing <u>Samsung Elecs. Co. v. Rambus, Inc.</u>, 523 F.3d 1374, 1379-80 (Fed. Cir. 2008)). The two-step procedure that Maxill proposes was rejected in <u>Altair Logix</u> because it is "particularly inefficient given that a court may decline to award attorneys' fees even in cases found to be exceptional under § 285." 2019 WL 3219485 at *3. The authorities cited by Maxill do not support its position. In <u>ICON Health & Fitness, Inc. v. Octane Fitness, LLC</u>, 576 Fed. App'x 1002 (Fed. Cir. 2014), the district court concluded that the case was not exceptional and declined to award attorney's fees; the Federal Circuit vacated and remanded for further consideration in light of intervening Supreme Court decisions that altered the standard for exceptionality. In <u>In re Rembrandt Techs. LP Patent Litig.</u>, 899 F.3d 1254 (Fed. Cir. 2018), the Federal Circuit vacated the district court's award of attorney's fees. Neither of these Federal Circuit opinions addressed the propriety of moving in piecemeal fashion for attorney's fees in patent litigation. In <u>GT Dev. Corp. v. Temco Metal Prods. Co.</u>, W.D. Wash. Case No. C04-451 TSZ, no judgment had been entered before the finding of exceptionality, and thus, Rule 54(d)(2)(B) was not implicated; rather, in allowing the plaintiff to voluntarily dismiss its patent infringement action pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court concluded that the case was exceptional and permitted the defendant to file supplemental materials concerning the amount of its attorney's fees and costs. <u>See</u> Order (C04-451, docket nos. 67 & 80). In <u>Dolby Labs., Inc. v. Lucent Techs., Inc.</u>, N.D. Cal.

within the meaning of 35 U.S.C. § 285, which permits the Court to award reasonable attorney's fees to the prevailing party if the action "stands out from others with respect to the substantive strength of a party's litigating position" or "the unreasonable manner in which the case was litigated." *See* <u>Octane Fitness, LLC v. ICON Health & Fitness, Inc.</u>, 572 U.S. 545, 554 (2014). The Court finds nothing "exceptional" about this matter. The parties engaged in run-of-the-mill discovery battles, resulting in only a few discovery motions, as to which the Court declined to award attorney's fees or costs to either side. *See* Minute Order (docket no. 40); Minute Order (docket no. 70); *see also* Minute Order (docket no. 80). In its motion for attorney's fees, Maxill refers to litigation in other forums involving some of the same parties, Maxill's rebuffed attempts at settlement, and Loops' unsuccessful motions to stay, docket no. 50, and for leave to amend its complaint, docket no. 72, but none of these events are unusual or displayed unreasonableness, and although the Court ultimately concluded that Loops' infringement claim lacked merit, the Court does not agree with Maxill that Loops' positions were objectively baseless.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of February, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

Case No. C01-20709 JF, the district court noted that, in seeking attorney's fees, the plaintiff had not complied with Rule 54(d)(2)(B)(iii), but opted not to deny the motion on that ground, observing that "the length and complexity of the instant litigation would have made it difficult for [the plaintiff] to provide even an estimate of its attorney's fees." Order at 8 (C01-20709, docket no. 743). Maxill cannot make a similar assertion in this matter. Moreover, even if filing two motions (one for exceptionality and another for an award of fees) was proper, the second motion would still need to be filed within the time period prescribed in Rule 54(d)(2)(B), *see* <u>Altair Logix</u>, 2019 WL 3219485 at *3; *see also* <u>IPXL Holdings, L.L.C. v. Amazon.com, Inc.</u>, 430 F.3d 1377, 1385-86 (Fed. Cir. 2005), a task that Maxill is now unable to accomplish, and Maxill's violation of Rule 54(d)(2)(B) constitutes an additional and/or alternative ground for denying its motion for attorney's fees under § 285.

MINUTE ORDER - 3