NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAXILL, INC., AN OHIO CORPORATION, MAXILL, INC., A CANADIAN CORPORATION,**
*Plaintiffs-Appellees*

v.

**LOOPS, LLC, LOOPS FLEXBRUSH, LLC,**
*Defendants-Appellants*

---

2020-1519, 2020-1618

---

Appeals from the United States District Court for the Western District of Washington in No. 2:17-cv-01825-TSZ, Senior Judge Thomas S. Zilly.

---

Decided: December 31, 2020

---

MUDIT KAKAR, Choi Capital Law PLLC, Seattle, WA, argued for plaintiffs-appellees.

KENT M. WALKER, Lewis Kohn Walker LLP, San Diego, CA, argued for defendants-appellants.

---

Before MOORE, BRYSON, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Loops, LLC and Loops Flexbrush, LLC (collectively, Loops) appeal a decision of the United States District Court for the Western District of Washington sua sponte granting summary judgment of noninfringement in favor of Maxill, Inc., both the Ohio and Canadian corporations (collectively, Maxill), and subsequently denying Loops's request for reconsideration of that decision. In granting summary judgment, the district court determined that the accused toothbrush's elongated body was not "flexible throughout," as required by the claims. Because the court's noninfringement ruling was based on an incorrect understanding of the "flexible throughout" claim limitation, we *reverse*.

## BACKGROUND

Loops owns U.S. Patent No. 8,448,285 ('285 patent), which is directed to toothbrushes designed for distribution in correctional and mental health facilities and methods of making such toothbrushes. '285 patent col. 1 ll. 13–17. The body of the claimed toothbrush is made of a material more flexible than conventional toothbrushes to lessen or eliminate the possibility of fashioning it into a weapon. *Id.* at col. 6 ll. 40–52. The toothbrush body comprises a handle portion and head portion. The head portion of the body includes a cavity into which a head with bristles is installed. *Id.* at col. 6 ll. 10–15. The claims explain that the body component is made of a material that is "less rigid" than the material of the head component. Claim 1 is representative:

> A toothbrush, comprising:
>
> an elongated body being *flexible throughout* the elongated body and comprising a first material and having a head portion and a handle portion;
>
> a head comprising a second material, wherein the head is disposed in and molded to the head portion of the elongated body; and

>   a plurality of bristles extending from the head forming a bristle brush,
>
>   wherein the first material is less rigid than the second material.

*Id.* at claim 1 (emphasis added).

On December 5, 2017, Maxill filed a complaint seeking declaratory judgment of noninfringement and invalidity of the '285 patent. J.A. 75. On February 8, 2018, Loops responded and counterclaimed alleging that Maxill's product infringed claims 1–3, 6, 9, 11–12, and 15–16 of the '285 patent.[1] J.A. 201. On October 3, 2019, Loops filed a motion for summary judgment of infringement. J.A. 709–33. On October 22, 2019, Maxill filed its opposition asserting that Loops only showed that the handle portion of the elongated body was flexible and, instead of filing a cross-motion for summary judgment, requested that the district court sua sponte grant summary judgment of noninfringement. J.A. 895–914. Just three days later, on October 25, 2019, Loops was required to file its reply. J.A. 940–48. On November 12, 2019, the district court requested a sample of the accused product. J.A. 23. On November 27, 2019, after reviewing the product and the briefing, the district court denied Loops's summary judgment motion and sua sponte entered summary judgment of noninfringement. *Maxill Inc. v. Loops, LLC*, No. C17-1825 TSZ (consolidated with C18-1026 TSZ), 2019 WL 6341292 (W.D. Wash. Nov. 27, 2019). On December 9, 2019, Loops filed a motion for reconsideration. J.A. 956–63. On February 21, 2020, the district court denied Loops's motion. J.A. 12–14.

---

[1] Loops later included claims 5 and 13 in its infringement allegations as well.

DISCUSSION

I. "Flexible throughout"

Claim construction is a question of law we review de novo. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 325 (2015). "The construction of claim terms based on the claim language, the specification, and the prosecution history are legal determinations." *Trs. of Columbia Univ. v. Symantec Corp.*, 811 F.3d 1359, 1362 (Fed. Cir. 2016) (citing *Teva,* 574 U.S. at 328). We begin a claim construction analysis by considering the language of the claims themselves. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). The claims must also be read in view of the specification. *Id.* at 1314. Additionally, a court should consider the prosecution history. *Id.* at 1317.

The district court held that no reasonable jury could find the accused product was flexible throughout because, once the head was inserted into the elongated body, the elongated body's head portion did not bend like its handle portion. *Maxill*, 2019 WL 6341292, at *4–5. Loops argues that the accused toothbrush's elongated body is made of orange flexible material that is flexible throughout (a position that Maxill does not dispute) and that this component is separate from the more-rigid head component.[2] Appellants' Br. at 36. Maxill argues that because the head is molded into the head portion of the elongated body, Loops is required to show that the elongated body *including the head* is flexible throughout. Appellees' Br. at B-2.[3] We

---

[2] We note that Loops also argues that the orange material in combination with the rigid head is also still flexible throughout. We understand this to be an alternative argument and that Loops was not suggesting that this level of proof was necessary to establish infringement.

[3] The page numbers of Maxill's brief restart at the argument section. For purposes of citing to Maxill's brief,

agree with Loops and conclude that, based on the claim language and structure, as well as the specification, the district court misunderstood the flexibility limitation to pertain to the elongated body when combined with the head as opposed to the elongated body alone.

As written, claim 1's toothbrush defines three components: (1) the elongated body, (2) the head, and (3) the bristles. '285 patent at claim 1. The elongated body comprises a head portion and a handle portion. *Id.* It is made of a "first material" and must be "flexible throughout." *Id.* The claim does not describe the head as being a part of the elongated body; rather, the head, which is made of a "second material," is identified in the claim as a separate element from the elongated body, just as the bristles are also a separate element. Claim 1 also describes the physical relationship between the head and the elongated body in which the head is "disposed in and molded to" the elongated body's head portion. *Id.* This insertion, however, does not mean that the head loses its identity as a separately identifiable component of the claimed toothbrush and somehow merges into becoming a part of the elongated body, such that the elements together must be "flexible throughout." The language of claim 4 further confirms our view that the elongated body's flexibility limitation excludes consideration of the head. Claim 4 states: "The toothbrush of claim 1, wherein the second material is durable and has a durometer hardness of between about 75 and about 95 on the Shore A scale." *Id.* at claim 4. As Maxill acknowledged during oral argument, this amount of hardness is considered very hard. Oral Arg. at 23:26–24:01. Such a degree of hardness for the head component undercuts a reading of claim 1's flexibility limitation as directed to a combination of the body component with the head component.

---

we use "A" to refer to the pre-argument portion of Maxill's brief and "B" to refer to the latter portion of Maxill's brief.

Further, the specification describes the head and elongated body as two separate components, explaining that the elongated body is made of a flexible material whereas the head is made of a hard material. '285 patent col. 4 ll. 36–39 ("The elongated body **102** may be made of a flexible material as described previously. The head **104** may be made of a more rigid material to facilitate attachment of the bristle brush **106**."). Thus, the head component is designed to be rigid compared to the flexible elongated body. Finally, we note that the prosecution history does not contain any disclaimer requiring that the head be considered in evaluating the flexibility of the elongated body. In sum, the correct reading of the claims is that the elongated body needs to be flexible throughout, and that flexibility requirement does not extend to the rigid head—even when the head is molded to the head portion of the elongated body.

Because the district court incorrectly viewed the flexibility limitation as directed to the combination of the elongated body and head, rather than the accused product's elongated body alone, the district court erred in determining that the accused product lacks an elongated body that is flexible throughout.[4]

II. Sua sponte grant of summary judgment

We review a district court's decision concerning summary judgment under the law of the regional circuit. *MicroStrategy, Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1349 (Fed. Cir. 2005). The United States Court of Appeals for the Ninth Circuit reviews a grant of summary judgment without deference. *Burke v. Cnty. of Alameda*, 586 F.3d 725, 730 (9th Cir. 2009).

---

[4] Neither party disputes that the orange material, which makes up the elongated body of the accused product, is flexible throughout. Oral Arg. at 13:45–14:02.

MAXILL INC. v. LOOPS, LLC 7

Generally, a district court may not sua sponte grant summary judgment unless the losing party had "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). The Ninth Circuit has held that sua sponte summary judgment may be granted as long as the losing party has had a "full and fair opportunity to ventilate the issues involved in the motion." *United States v. Grayson*, 879 F.2d 620, 625 (9th Cir. 1989) (internal quotation marks omitted); *see also In re Harris Pine Mills*, 44 F.3d 1413, 1439–40 (9th Cir. 1995) (entering summary judgment for the non-movant).

Loops did not have a full and fair opportunity to argue and present its case against summary judgment of noninfringement. Because Maxill first requested that the court sua sponte grant summary judgment in its favor in its opposition to Loops's motion, Loops was limited by both time and page length with respect to its response. After receiving Maxill's opposition, Loops had just three days to respond and twelve pages. W.D. Wash. Local R. 7. Had Maxill filed its own summary judgment motion, Loops would have had about three weeks to respond and twenty-four pages. *Id.* Further, the local rules provide that motions requesting permission to file overlength briefs are due "no later than three days before the underlying motion or brief is due." *Id.* Therefore, even if Loops had wanted to file a request for an overlength brief, it would not have had time. And although the district court indicated that it would give full consideration to any reconsideration request, the court refused to consider any additional evidence and quickly dismissed Loops's reconsideration motion as "merely rehashing" its prior arguments. Under the circumstances, we conclude, Loops did not have a full and fair opportunity to respond to Maxill prior to the district court's sua sponte grant of summary judgment.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. The district court's sua

sponte order of noninfringement was premised on a misunderstanding of which components of the accused toothbrush to which the flexibility limitation is directed. Thus, we reverse.

## REVERSED

### COSTS

Costs to the appellants.