1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

12
13
14
15
16
17
18
19
20
21
22
23
24
25

| MAXILL INC., MAXILL INC., | CASE NO.: 2:17-CV-01825-TSZ |
|---|---|
| Plaintiffs, | |
| vs. | **JOINT STATUS REPORT** |
| LOOPS, LLC AND LOOPS FLEXBRUSH, LLC | **AS REQUIRED BY ORDER (ECF 160)** |
| Defendants. | |
| LOOPS, L.L.C., et al. | |
| Plaintiffs, | |
| v. | |
| MAXILL INC., et al. | |
| Defendants. | |

JOINT STATUS REPORT - 1

Maxill, Inc. and Maxill, Inc. ("Maxill") and Loops, LLC and Loops, Flexbrush, LLC ("Loops") jointly file this updated Joint Status Report (the "Report") as required by the Court's February 10, 2021 Order (Dkt. No. 160). The Order requires the parties to indicate when they will be prepared to proceed to trial, how long any trial will likely last, and whether they agree to conduct the trial virtually, and setting forth any issues that might affect the case schedule.

1. SUMMARY

　　A.  BACKGROUND OF THE ACTION

The Court will recall this is a patent case which resulted in the transfer and joinder of multiple actions between the Parties. This is not a complex case. It involves one patent and one product.

As the original plaintiff in this action, Maxill requests the Court for a judgment declaring the United States Patent No. 8,448,285 (the "'285 Patent") invalid, and unenforceable. Maxill also requests the Court for a judgment declaring that Maxill's import, export, manufacture, use, offer for sale, or sale of Maxill's Supermaxx institutional line of toothbrush ("Supermaxx Product") has not and will not infringe, direct or indirectly, literally or under the doctrine of equivalents infringe all claims of the '285 Patent. Maxill also alleges that the '285 patent was obtained and is exploited and used by Defendants in an improper manner.

As the original plaintiff in a prior transferred action and as original defendants in this action, Loops asserts that Maxill willfully infringes the '285 Patent by using, promoting, marketing, advertising, distributing, importing, having made, offering for sale and/or selling Maxill's Supermaxx Product.

　　B.  MOTIONS FOR SUMMARY JUDGMENT

Before this action was dismissed, both Loops and Maxill filed motions for partial summary judgment. Loops moved for partial summary judgment of infringement. (Dkt. No. 81.) Maxill moved for partial summary judgment of invalidity and unenforceability. (Dkt. No. 84.) In its response to Loops' motion for summary judgment, Maxill made a "request" for summary

JOINT STATUS REPORT - 2

judgment of noninfringement which the Court treated as a cross-motion in issuing a *sua sponte* order of summary judgment of noninfringement against Loops. (Dkt. No. 123 at n. 1.) The Court concluded, "as a matter of law, that Maxill's Supermaxx toothbrush does not infringe Claim 1 or Claim 11 of the '285 Patent, or any of the claims that depend from Claims 1 and 11, because the elongated body of the accused device is not 'flexible throughout.'" (*Id.* at 11, 12.)

In light of its ruling, the Court denied Loops' motion for partial summary judgment of infringement and granted Maxill's "cross-motion" for summary judgment of non-infringement. (*Id.* 123 at 11.) In doing so, the Court dismissed Loops' infringement claim and counterclaim against Maxill with prejudice. (*Id.* 123 at 12.) The Court also issued a declaratory judgment of non-infringement in Maxill-Ohio's favor. (*Id.*)

Finally, the Court struck Maxill's pending motions (i) for partial summary judgment on invalidity and unenforceability (Dkt. No. 84) and (ii) to strike Fred P. Smith's rebuttal report dated August 16, 2019 (Dkt. No. 89) as moot. (*Id.*) The Court also struck Maxill-Ohio's claims seeking declaratory judgment regarding invalidity and unenforceability without prejudice as moot. (*Id.*)

The Clerk of the Court entered a judgment consistent with the Court's order on December 2, 2019 (Dkt. No. 124). Loops timely appealed the Court's order and judgment to the United States Court of Appeals for the Federal Circuit. (Dkt. No. 146.)

Currently, Loops' motion for summary judgment of infringement, and Maxill's motion for partial summary judgment of invalidity and unenforceability is pending before the Court. (Dkt. Nos. 81, 84.)

### C. INJUNCTION ORDER AGAINST MAXILL BY CANADIAN COURT

On October 27, 2020, during the pendency of this matter's appeal to the Federal Circuit, the Ontario Superior Court of Justice Divisional Court issued a 25-page opinion issuing an interim and interlocutory injunction prohibiting Maxill Inc. from challenging the validity of the '285 Patent either directly or indirectly. (See Declaration of Amy Jobson, **Exhibits A (Decision) and B (Order)**.)

### D. FEDERAL MANDATE

On December 31, 2020, the Federal Circuit Court of Appeals reversed the Court's *sua sponte* order of summary judgment of noninfringement against Loops finding that the "flexible throughout" limitation of independent claims 1 and 11 was not shown to be met by the accused products, and thus those independent claims and all remaining dependent claims are not infringed, and the action was dismissed. (Dkt No. 157, 158.) The mandate of this action prompted the Court's Order for this Joint Status Report.

### E. ISSUES AFFECTING THE CASE SCHEDULE

The Parties agree that there are several issues affecting the case schedule, including significantly:

Disposition of Loops' motion for summary judgment of infringement, and updates to discovery such as sales of accused products; and

Disposition of Maxill's motion for summary judgment of invalidity and unenforceability, and continued assertions of invalidity in view of a recent Canadian order enjoining Maxill from asserting invalidity in the interim while the underlying Canadian litigation is resolved.

The Parties set forth their respective positions below.

### I. SUMMARY OF LOOPS' POSITION:

In view of the Federal Circuit's decision, Loops should be found to have prevailed on infringement. The Court should enter summary judgment. Maxill should be compelled to update its disclosure of sales of accused products. The issues remaining for trial are damages and willful infringement.

In view of the Canadian court's injunction order against Maxill. Maxill should not be permitted to pursue its invalidity defenses in this action. Its summary judgment motion should be stricken. Invalidity should not be an issue for trial.

Should the Court agree to stay the action as Maxill requests, Loops requests that the Court enter an order enjoining Maxill from making, importing, offering to sell, sell, use the accused products or otherwise infringing the '285 patent during the interim period.

JOINT STATUS REPORT - 4

## II. SUMMARY OF MAXILL'S POSITION:

In view of the Federal Circuit' decision reversing this "[C]ourt's sua sponte order of non-infringement because it was premised on a misunderstanding of which components of the accused toothbrush to which the flexibility limitation is directed," the issue of infringement should be decided by the fact-finder at trial.

In view of the Canadian court's interim and interlocutory injunction prohibiting Maxill from challenging the validity of the '285 Patent (Exhibit A), and this Court's Order of July 9, 2019 finding that "the 'no-challenge' clause contained in the settlement agreement unenforceable in this patent litigation with regard to the '285 Patent," (Dkt. No. 70 at 2), Maxill is in a legal predicament. Therefore, Maxill requests that this case be stayed pending resolution of the Canadian civil action which will resolve the matter of Maxill's right to challenge the validity of the '285 Patent definitely.

Finally, Maxill opposes Loops requests that the Court enter an order enjoining Maxill from making, importing, offering to sell, sell, use the accused products or otherwise infringing the '285 patent during the interim period, without an opportunity to fully brief the issue of preliminary injunction.

### 2. PARTIES' POSITIONS ON SUMMARY JUDGMENT OF INFRINGEMENT
#### A. LOOPS' POSITION:

On October 4, 2019, Loops filed a motion for summary judgment of infringement of the asserted claims 1, 2, 3, 5, 6, 9, 11, 12, 13, 15 and 16 of Loops' '285 Patent based on Maxill's importation, use, sale and offer for sale of its accused product, aka the SuperMaxx brush. (Dkt. No. 81.) Maxill opposed the motion primarily on the grounds that the "flexible throughout" limitation of independent claims 1 and 11 was not shown to be met by the accused products. (Dkt. No. 100.) On November 27, 2019, the Court entered a *sua sponte* order of summary judgment of noninfringement against Loops finding that the "flexible throughout" limitation of independent

claims 1 and 11 was not shown to be met by the accused products, and thus those independent claims and all remaining dependent claims are not infringed, and the action was dismissed. (Dkt. No. 123.) Upon Loops' appeal, the Federal Circuit Court of Appeals reversed that Order and the action has been or is in the process of being mandated. (Dkt. No. 157.)

In reversing the Order, the Federal Circuit found that the Order "was premised on a misunderstanding of which components of the accused toothbrush to which the flexibility limitation is directed." The Federal Circuit found:

> Because the district court incorrectly viewed the flexibility limitation as directed to the combination of the elongated body and head, rather than the accused product's elongated body alone, the district court erred in determining that the accused product lacks an elongated body that is flexible throughout. Ftn. 4.
>
> Ftn. 4: Neither party disputes that the orange material, which makes up the elongated body of the accused product, is flexible throughout. Oral Arg. at 13:45–14:02.

(See Oral Arg. at **Exhibit C** to the Declaration of Kent M. Walker ("Walker Decl.") submitted herewith.)

In opposing Loops' motion for summary judgment, Maxill made no argument that claims 2, 3, 6, 12, 15 and 16 do not infringe, except to argue that claims 1 and 11 are not infringed based on the absence of the "flexible throughout" limitation in the accused product. Therefore, if claims 1 and 11 are infringed, then Maxill concedes there are no genuine issues of fact as to infringement of claims 2, 3, 6, 12, 15 and 16. In view of the Federal Circuit's decision, independent claims 1 and 11 must be deemed infringed, as well dependent claims 2, 3, 6, 12, 15 and 16. Accordingly, Loops requests an Order of infringement of at least claims 1, 2, 3, 6, 11, 12, 15 and 16. Based on the moving papers, Loops submits that summary judgment of infringement should be entered as to dependent claims 5, 9 and 13 as well, as there are no material disputes of fact of infringement.

Alternatively, should this Court prefer, Loops respectfully requests leave to file supplemental briefing regarding the foregoing issues to assist this Court to understand the impact of the December 31, 2020 Decision from the Federal Circuit on this action.

JOINT STATUS REPORT - 6

## B. MAXILL'S POSITION:

In its order on parties' respective motions for summary judgment, after physically examining the accused device submitted by the parties, this Court concluded "*that the elongated body of the Supermaxx product does not satisfy the 'flexible throughout' element of Claims 1 and 11, either literally or pursuant to the doctrine of equivalents*." (Dkt. No. 123 at 9, 10.) The Court based its conclusion on its determination that "*the 'elongated body' includes both the head portion and the handle portion of the device*" but "*[t]he head portion of the elongated body does not bend, flex, turn, bow, or twist*." (Dkt. No. 123 at 10.) This is so, because "*the head portion of the elongated body is rigid, having imbedded into it the bristle-containing head, which impedes the flexibility of the surrounding or encasing (orange) material*." (*Id*.) Therefore, the Court found that Maxill's toothbrush does not infringement independent Claims 1 and 11 of the '285 Patent, or any of the claims that depend from Claims 1 and 11. (*Id*. at 11, 12). In light of this ruling, the Court declined to separately analyze whether Maxill's toothbrush infringes dependent Claims 5 and 13, for which Maxill had provided additional reasons of non-infringement[1]. (Dkt. No. 101 and 102 at 16-19.)

In reversing this Court's finding of non-infringement, the Federal Circuit found:

> In sum, the correct reading of the claims is that the elongated body needs to be flexible throughout, and that flexibility requirement does not extend to the rigid head—even when the head is molded to the head portion of the elongated body.
>
> Because the district court incorrectly viewed the flexibility limitation as directed to the combination of the elongated body and head, rather than the accused product's elongated body alone, the district court erred in determining that the accused product lacks an elongated body that is flexible throughout. Ftn. 4.

---

[1] Maxill provided additional support for non-infringement of dependent Claim 9 as well. (Dkt. No. 101 and 102 at 16.)

JOINT STATUS REPORT - 7

> Ftn. 4: Neither party disputes that the orange material, which makes up the elongated body of the accused product, is flexible throughout.

(Dkt. No. 157 at 6.) Notably, the Federal Circuit did not disagree with this Court's determination that the term "throughout" as used in "elongated throughout" means "from one end to the other." (Dkt. No. 123 at 8.) Rather, the Federal Circuit concluded that this Court's determination of "*noninfringement was premised on a misunderstanding of which components of the accused toothbrush to which the flexibility limitation is directed*." (Dkt. No. 157 at 8).

Therefore, under the Federal Circuit's reasoning the fact-finder must still determine whether "*the accused product's elongated body alone*" is flexible throughout or not, without considering the flexibility of the rigid head. (Dkt. No. 157 at 6.) It is not sufficient that the orange material which makes up the elongated body of Maxill's accused toothbrush is flexible throughout. To show infringement, the "*elongated body needs to be flexible throughout … even when the head is molded to the head portion of the elongated body*," irrespective of the flexibility of the molded head. (*Id*.)

3. **PARTIES' POSITIONS ON INVALIDITY**

    A. **LOOPS' POSITION:**

On October 4, 2019, Maxill filed a motion for partial summary judgment seeking to invalidate Loops' '285 Patent arguing that: 1) the claimed invention was in public use and offered for public sale in the US by Maxill before the earliest priority date of the '285 Patent; and 2) Loops engaged in inequitable conduct by withholding these facts from the USPTO during prosecution of the '285 Patent. (*See* Dkt. No. 84 at 4.) Previously, in this case, Loops had asked for assistance from this Court to protect it from Maxill's discovery efforts related to these specious invalidity contentions, or alternatively, to stay this action until a then-pending Canadian litigation between Loops and Maxill had been resolved. (*See* Dkt. Nos. 50, 62.). That Canadian litigation was initiated by Loops on October 30, 2015 to, *inter alia*, enforce a "no challenge" clause incorporated into a settlement agreement and consent decree between Maxill and Loops and to enjoin Maxill from

raising these same invalidity contentions it is raising in its presently-pending motion for partial summary judgment. This settlement agreement dated April 8, 2014 and consent judgment entered on April 15, 2014 were borne out of a previous Canadian patent infringement litigation initiated by Loops against Maxill on December 7, 2012.

Importantly, the April 8, 2014 settlement agreement between Maxill and Loops incorporating the "no challenge clause" required that it be "construed, enforced, performed and in all respect governed by and in accordance with the laws of Canada and the Province of Ontario…," and the agreed-to situs for all related disputes was similarly venued in Ontario, Canada. (*See* Dkt. No. 50 at 8, lns. 18-24.) Thus, to determine the enforceability of this "no challenge" clause required a Canadian court to apply Canadian law. *Id*.

On October 27, 2020, during the pendency of this matter's appeal to the Federal Circuit, the Ontario Superior Court of Justice Divisional Court issued a 25-page opinion issuing an interim and interlocutory injunction prohibiting Maxill Inc. from challenging the validity of the '285 Patent either directly or indirectly. (*See* **Exhibit A**.) This October 27, 2020 Order provided a detailed articulation of the factual and procedural histories involved in the 2012 Canadian patent infringement and 2015 breach of contract litigations and this action, and its predecessor in Utah, between Maxill and Loops; it applied Canadian contract and estoppel principles to the settlement agreement and consent decree and the "no challenge" clause at issue; it dispensed with the fictional distinction between validity challenges from Maxill, Inc., a Canadian corporation, and Maxill, Inc., an Ohio corporation, entities both owned and controlled by John Shaw; it distinguished *Lear* from our case and analogized our case to *Flex-Foot*; and marched methodically through all relevant case precedent and issues raised and implicated by this Court in its decision refusing to stay this matter or grant Loops' motion for protective order in 2019 (*see id.*; *see also* Dkt. No. 70), and, in the end, it enjoined Maxill from making the invalidity arguments included in its presently-pending partial motion for summary judgment. (See **Exhibit A** at ¶¶ 38-73 and **Exhibit B**.)

Accordingly, Maxill's presently-pending motion for partial summary judgment (Dkt. No. 84) seeking to invalidate the Loops' '285 Patent should be stricken before this Court reaches its

JOINT STATUS REPORT - 9

merits in light of the October 27, 2020 Order prohibiting Maxill Inc. from challenging the validity of the '285 Patent either directly or indirectly. (*See* **Exhibit A**.) Maxill should be precluded from asserting its invalidity defenses going forward. This also includes Maxill's purported enforceability defense, since it relies directly on Maxill's invalidity defenses.

Alternatively, should this Court prefer, Loops respectfully requests leave to file supplemental briefing regarding the foregoing issues to assist this Court to understand the impact of the October 27, 2020 Order from the Ontario Superior Court of Justice Divisional Court on this action.

### B. MAXILL'S POSITION:

Maxill filed its motion for partial summary judgment of invalidity and unenforceability of the '285 Patent on October 25, 2019. (Dkt. No. 84.) Previously, on June 14, 2019, Loops filed a motion for protective order and stay (Dkt. No. 50 and 52) to prevent Maxill from seeking discovery related to Maxill-Ohio's claim of a declaratory judgment of invalidity and unenforceability of the '285 Patent and Maxill's defense of invalidity and unenforceability of the '285 Patent. Loops contended that Maxill was prohibited from doing so under a Settlement Agreement which resulted from a patent infringement litigation between the two parties in Canada in 2014. (Dkt. No. 50 and 52 at 2, 3.) Loops informed the Court that it had "*brought a civil action in Canada against Maxill asserting breach of the Canadian Settlement Agreement based on the foregoing.*" (*Id.* at 3.) Loops requested the Court to stay "*this action pending resolution of the Canadian civil action, as the initial issue is whether there is breach, which should be determined by the Canadian Court pursuant to the parties' Canadian Settlement Agreement.*" (*Id.*) Notably, the Canadian civil action that Loops initiated against Maxill-Canada on October 30, 2015 in Canada **did not** include any allegations of a breach resulting from Maxill's assertion of invalidity and unenforceability of the '285 Patent or for seeking discovery

regarding the same. (Dkt. No. 50-3 at 5, 9). The allegations to enforce the "no-challenge" clause of the Canadian Settlement Agreement were added to the Canadian civil action by amending the complaint three years after the action was initiated. (*Id.*)

On July 9, 2019, this Court denied Loops' motion for protective order and stay holding that "*even if the settlement agreement precludes Maxill-Canada from 'attacking the validity' of the ... '285 Patent, it does not prevent Maxill-Ohio from doing so. Moreover, the 'no-challenge' clause contained in the settlement agreement is unenforceable in this patent litigation with regard to the '285 Patent*." (Dkt. No. 70 at 2.) The Court relied on established precedent in providing its analysis and making this determination. (*Id.*) The Court reasoned that the "*no-challenge" clause was not enforceable in this action because the Canadian lawsuit that culminated in the settlement agreement and a consent judgment involved only a Canadian Patent ... and the validity of the '285 Patent was not at issue in the prior proceedings*." (*Id.*) The Court, however, did not that it "*makes no ruling concerning the preclusive effect of the settlement agreement with respect to any other patents or to the extent to which the settlement agreement is enforceable in Canada*." (*Id.* at note 1.)

Right after this Court's denial of Loop's motion for protective order and stay, Loops moved the Canadian court in the breach of contract civil action for an interlocutory injunction to prevent Maxill-Canada from asserting its invalidity and unenforceability claims in this action in the United States. (Exhibit A at ¶ 13.) Loops' motion was heard by a motion judge in Canada on September 2019 and a decision was issued in February 2020. (*Id.*) The motion judge denied Loops' motion seeking the interlocutory injunction; Loops appealed the motion judge's denial. (*Id.* at ¶ 1.) On appeal, the Ontario Superior Court of Justice Divisional Court, issued its decision on Loops' appeal on October 27, 2020, granting Loops' "*an injunction and setting aside

JOINT STATUS REPORT - 11

*the motion judge's order. The Ontario Superior Court granted Loops "an interim and interlocutory injunction prohibiting ... Maxill ... from challenging the validity of U.S. Patent No. 8,448,285, either directly or indirectly."* (*Id.* at ¶ 83.)

In light of the Ontario Superior Court's interim and interlocutory injunction prohibiting Maxill from challenging the validity and unenforceability of the '285 Patent and this Court's order (Dkt. No. 70) finding that the "no-challenge" clause contained in the settlement agreement is unenforceable in this patent litigation with regard to the '285 Patent, Maxill is in a legal predicament. If Maxill were to continue to challenge the validity and unenforceability of the '285 Patent, as it legally can in the United States, it will be held in contempt of a court order in an ongoing Canadian litigation. Therefore, Maxill respectfully asks this Court that this action be stayed pending resolution of the Canadian civil litigation, which will determine, with finality, whether the "no-challenge" clause of the Canadian Settlement Agreement is enforceable or not.

Loops demand that Maxill should be prohibited from asserting invalidity and unenforceability, in view of the Ontario Superior Court's ruling, is inappropriate because the very nature of the Ontario Superior Court's injunction is interim and interlocutory. Indeed, in making this ruling, the Ontario Superior Court stated, *"[t]he Court in Washington found the stay was 'not necessary." Nonetheless, with an injunction from this Court in place, it may be that the Court in Washington will find the Canadian perspective of assistance*." (*Id.* at ¶ 46.) A complete preclusion of Maxill's right to assert invalidity and unenforceability of the '285 Patent will convert this interim and interlocutory injunction to a permanent injunction, which is beyond the scope of the Ontario Superior Court's order and is not the intent of that order.

Maxill respectfully asks this Court that this action be stayed pending resolution of the Canadian civil litigation, which will determine, with finality, whether the "no-challenge" clause

JOINT STATUS REPORT - 12

of the Canadian Settlement Agreement is enforceable or not. Alternatively, should this Court prefer, Maxill respectfully requests leave to file supplemental briefing regarding the foregoing issues to assist this Court to understand the impact of the October 27, 2020 Order from the Ontario Superior Court of Justice Divisional Court on this action.

### 4. PROPOSALS FOR PRETRIAL AND TRIAL

#### A. PROPOSED SCHEDULES

##### I. LOOPS' PROPOSAL:

| | |
|---|---:|
| Rule on Loops' Motion for Summary Judgment of Infringement | March 2021 |
| Maxill produce sales docs, allow time for follow up motion to compel if needed | April 2021 |
| Pretrial exchanges and disclosures | May, June 2021 |
| Trial on damages, willfulness | July, August 2021 |

##### II. MAXILL'S PROPOSAL:

Maxill is unable to propose a trial schedule because it requests a stay of this case pending resolution of the Canadian civil action to allow Maxill to assert its claims challenging validity and enforceability of the '285 Patent without being held in contempt of a court order in Canada.

#### B. TRIAL – JURY TRIAL / NON-JURY TRIAL

Jury trial.

#### C. NUMBER OF TRIAL DAYS

Three to four days, depending on whether opening, closing and jury instructions are counted.

#### D. VIRTUAL TRIAL

##### I. LOOPS' PROPOSAL:

JOINT STATUS REPORT - 13

Loops is seeking to investigate the virtual trial option further. Loops would like to know whether the virtual trial has been actually used, and if so, how it has been received, and whether the selection of virtual versus in-person trial will effect the trial date.

## II. MAXILL'S PROPOSAL:

Maxill respectfully requests an in-person trial for this case because the core issue regarding the "flexibility" of the accused product requires tactile exhibition and experience by the fact-finder.

### E. TRIAL CONFLICT DATES

Through counsel or otherwise, the Parties are unavailable for trial from the following dates:

July 26, 2021 to July 30, 2021;

August 23, 2021 to August 27, 2021.

Dated February 24, 2021.

| | |
|---|---|
| */s/ Mudit Kakar* | */s/ Kent Walker* |
| Mudit Kakar, Ph.D. Esq. | Kent M. Walker (*pro hac vice*) |
| m.kakar@choicapitallaw.com | **LEWIS KOHN & WALKER, LLP** |
| **CHOI CAPITAL LAW PLLC** | 17085 Via Del Campo |
| 2101 Fourth Avenue, Suite 1570 | San Diego, CA 92127 |
| Seattle, WA 98121 | Phone : 858-436-1333 |
| Phone: 206-588-0463 | Fax : 858-436-1349 |
| Fax: 206-971-1650 | kwalker@lewiskohn.com |
| | |
| ***Attorneys for Plaintiff / Counterclaim Defendant*** | Philip P. Mann (WSBA #28860) |
| | **MANN LAW GROUP** |
| | 1218 Third Avenue, Suite 1809 |
| | Seattle, WA 98101 |
| | Phone : 206-436-0900 |
| | Fax : 866-341-5140 |

JOINT STATUS REPORT - 14

phil@mannlawgroup.com

***Attorneys for Defendants / Counterclaim Plaintiffs***

JOINT STATUS REPORT - 15

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2021, a true and accurate copy of the foregoing and all accompanying documents was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filings to all attorneys of record.

DATED February 24, 2021.

          /s/ Mudit Kakar
Mudit Kakar, Ph.D., Esq.
**CHOI CAPITAL LAW PLLC**

JOINT STATUS REPORT - 16