# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MAXILL INC., MAXILL INC.,<br><br>   Plaintiffs,<br><br> vs.<br><br>LOOPS, LLC AND LOOPS FLEXBRUSH, LLC<br><br>   Defendants.<br>LOOPS, L.L.C., et al.<br><br>   Plaintiffs,<br><br>v.<br><br>MAXILL INC., et al.<br><br>Defendants. | CASE NO.: 2:17-CV-01825-TSZ<br><br>**JOINT STATUS REPORT**<br><br>**AS REQUIRED BY ORDER (ENTERED: JULY 3, 2024)** |

  Maxill, Inc. and Maxill, Inc. (collectively, "Maxill") and Loops, LLC and Loops, Flexbrush, LLC (collectively, "Loops") jointly file this updated Joint Status Report (the "Report") as required by the Court's order entered on July 3, 2024 (the "Order"). The Order requires the

JOINT STATUS REPORT - 1
LEGAL*68820919.1

parties to file a Joint Status Report within fourteen (14) days after the proceedings in Canada, including any appeals, have concluded, or by June 30, 2025, whichever occurs earlier. The parties acknowledge that the June 30, 2025 deadline has passed and respectfully submit this Report to provide the Court with an update on the status of the Canadian proceedings.

1. **SUMMARY**

   **A.  THE PARTIES AND CLAIMS**

   The Court will recall this is a patent case which resulted in the transfer and joinder of multiple actions between the Parties.  It involves one patent and one product.

   As the original plaintiff in this action, Maxill requests the Court for a judgment declaring the United States Patent No. 8,448,285 (the "'285 Patent") invalid, and unenforceable. Maxill also requests the Court for a judgment declaring that Maxill's import, export, manufacture, use, offer for sale, or sale of Maxill's Supermaxx institutional line of toothbrush ("Supermaxx Product") has not and will not infringe, direct or indirectly, literally or under the doctrine of equivalents infringe all claims of the '285 Patent. Maxill also alleges that the '285 patent was obtained and is exploited and used by Loops in an improper manner.

   As the original plaintiff in a prior transferred action and as original defendants in this action, Loops asserts that Maxill willfully infringes the '285 Patent by using, promoting, marketing, advertising, distributing, importing, having made, offering for sale and/or selling Maxill's Supermaxx Product.

   **B.  SUMMARY JUDGMENT, APPEAL AND MANDATE**

   Before this action was stayed, both Loops and Maxill filed motions for partial summary judgment. Loops moved for partial summary judgment of infringement. (Dkt. No. 81.) Maxill moved for partial summary judgment of invalidity and unenforceability. (Dkt. No. 84.) The Court denied Loops' motion for partial summary judgment of infringement and granted Maxill's "cross-motion" for summary judgment of non-infringement. (Dkt. No. 123 at 11.)  In doing so, the Court dismissed Loops' infringement claim and counterclaim against Maxill with prejudice. (*Id*. 123 at

12.) The Court also issued a declaratory judgment of non-infringement in Maxill-Ohio's favor. (*Id.*) The Court struck Maxill's pending motions (i) for partial summary judgment on invalidity and unenforceability (Dkt. No. 84) as moot. (*Id.*) The Court also struck Maxill-Ohio's claims seeking declaratory judgment regarding invalidity and unenforceability without prejudice as moot. (*Id.*)

On December 31, 2020, the Federal Circuit Court of Appeals reversed the Court's order of summary judgment of noninfringement against Loops and the action was mandated. (Dkt No. 157, 158.)

### C. THE CANADIAN INJUNCTION

On October 27, 2020, during the pendency of the appeal to the Federal Circuit, the Ontario Superior Court of Justice Divisional Court issued an opinion and an interim and interlocutory injunction prohibiting Maxill Inc. from challenging the validity of the '285 Patent either directly or indirectly. (See Dkt. No. 162, 162-1, 162-2.)

### D. STAY OF THIS ACTION PENDING COMPLETION OF CANADIAN ACTION; STATUS OF CANADIAN ACTION

On March 10, 2021, the Court stayed this action pending completion of the Canadian Action and continued the stay as per the Court's order of July 7, 2023. The Court again stayed this action per the Order on July 3, 2024.

### E. STATUS OF CANADIAN ACTION

On December 30, 2024, the Ontario Superior Court of Justice declined to grant leave for Loops to bring a motion for partial summary judgement. Instead, the action will proceed to trial.

On January 29, 2025, defendant John Shaw ("Shaw") served an Affidavit of Documents. Loops served a Further Supplemental Affidavit of Documents on February 12, 2025. Counsel for Maxill and Shaw conducted the examination for discovery of Loops on February 13, 2025. Loops provided answers to outstanding undertakings and positions on refusals from the examination for discovery on April 14, 2025 and updated answers on May 14, 2025.

Loops served an expert report on May 21, 2025. Maxill and Shaw served a responding expert report on June 23, 2025.

A Pre-Trial Conference is scheduled to take place on August 19, 2025. The action is scheduled on the trial list for December 8, 2025 for a seven-day trial before a judge at London, Ontario, Canada.

### F. PRESENT POSITIONS OF THE PARTIES

The Parties further set forth their respective positions below.

### I. LOOPS' POSITION:

Loops provides updates from the corresponding litigation between the parties in Canada (*see* Declaration of Kassandra Shortt, Loops' Canadian trial counsel, enclosed herewith) and submits to a further stay of this action on the same conditions previously ordered. Loops reserves all rights to assert procedural and substantive claims, defenses and arguments in this action once the stay is lifted.

### II. MAXILL'S POSITION:

Parties' Canadian action is currently scheduled to go to trial on December 8, 2025. (*See*, Declaration of Catherine Patterson, ¶6). Therefore, Maxill requests that the stay of this case be continued pending resolution of the Canadian action which will resolve the matter of Maxill's right to challenge the validity of the '285 Patent definitively.

Dated July 21, 2025.

*/s/ Boyoon Choi*

Boyoon Choi (WSBA #44939).
b.choi@ccl.law
**CHOI CAPITAL LAW PLLC**
1420 Fifth Ave., Suite 2239
Seattle, WA 98101
Phone: 206-588-0463
Fax: 206-971-1650
***Attorneys for Plaintiff / Counterclaim Defendant***

*/s/ Philip P. Mann*

Philip P. Mann (WSBA #28860)
**MANN LAW GROUP PLLC**
403 Madison Ave. Ste. 240
Bainbridge Island, WA 98110
Phone : 206-436-0900

phil@mannlawgroup.com
***Attorneys for Defendants / Counterclaim Plaintiffs***

JOINT STATUS REPORT - 5
LEGAL*68820919.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 21, 2025, a true and accurate copy of the foregoing and all accompanying documents was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filings to all attorneys of record.

DATED July 21, 2025.

                                            */s/ Crockett Vinson*
                                            Crockett Vinson
                                            **CHOI CAPITAL LAW PLLC**